JAMES G. FERGUSON & another *vs.* JOHN N. JACKSON
& others.

Suffolk.    January 7, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Landlord and Tenant*, Renewal. *Practice, Civil*, Equitable defence.

A lease for two years contained a covenant, that the lessee should have the privilege of renewal for the period of two years at a certain increased annual rental named, provided three months' notice was given. The lessee gave the required three months' notice, but no new lease was made, and at the expiration of the first two years the lessee continued to occupy the premises, paying rent after such expiration at the rate of a new increased rental, until the lessor brought summary process under Pub. Sts. c. 175, § 1, to eject him. *Semble,* that the tenant was holding under the lease, being in possession for the additional term, and, *held,* that, if the tenant had only a covenant, it would be good as an equitable defence.

In an action that comes by appeal from a municipal court an equitable defence is none the less available in the Superior Court because it could not have been set up in the court below.

SUMMARY PROCESS under Pub. Sts. c. 175, § 1, to recover possession of certain demised premises in a building on Temple Place in Boston. Writ in the Municipal Court of the City of Boston dated March 9, 1901.

On appeal to the Superior Court, the case was heard by *Fox,* J., who found that the defendants had not waived their rights to a renewal of the lease under which they held, and ruled, that the covenant for a renewal, which is quoted by the court, constituted at least an equitable defence to the plaintiffs' action. At the request of the plaintiffs, the judge reported the case for determination by this court. If the covenant for renewal contained in the lease, upon the other facts stated in the report, created a term in the defendants existing at the time of the bringing of this action, or constituted an equitable defence which could be set up in this action, judgment was to be entered for the defendants; otherwise, judgment was to be entered for the plaintiffs.

*W. Bolster,* for the plaintiffs.

*R. W. Light,* for the defendants.

HOLMES, C. J.    This is a summary process brought by a land-lord against his tenants, under Pub. Sts. c. 175, § 1, to recover possession of the premises demised.    The original term of the tenants' lease had expired, but the lease contained a clause for renewal for two years more.    The question is whether this clause constitutes a defence.    It is suggested that the tenants did not get a term for the additional two years merely by complying with the conditions 'and holding over, without a new lease, and that the clause is not available as an equitable defence, because the case is in the Superior Court by appeal, and such defences are not available in the Municipal Court from which it came.

The whole lease is not before us.    The clause in question is : " The lessees shall have the privilege of renewal for the further period of two years from the expiration hereof at an annual rental of eighteen hundred dollars," etc., provided three months' notice is given.    The notice was given, and rent at the rate mentioned, which was an increase upon the sum payable for the first two years, was paid.    It would be a strong thing to say that under such circumstances the lessee " holds possession without right " within the meaning of the statute, even technically at common law.    We see no reason why under the words quoted from the lease the tenant is not to be regarded as in of the additional term. See *McGrath* v. *Boston,* 103 Mass. 369, 371, 372.    We also see no difficulty, if the tenant has only a covenant, and it is necessary to resort to equity, in allowing the covenant to be set up as an equitable defence under St. 1883, c. 223, § 14.    *Nott* v. *C. T. Sampson Manuf. Co.* 142 Mass. 479.    This is an action at law. The tenant would be entitled to an injunction.    103 Mass. 372. It does not matter that the defence was not available in the Municipal Court.    The equitable defence merely dispenses with the necessity for filing an independent bill.    See Pub. Sts. c. 155, § 28.    *Derick* v. *Taylor,* 171 Mass. 444, 445, 446.

*Judgment for defendants.*