INHABITANTS OF VERONA *vs.* STEPHEN D. BRIDGES.

Hancock.    Opinion March 16, 1904.

*Taxes. Action of Debt,* When irregularities no defense. *Practice,* as to exceptions not taken at nisi prius. *R. S. (1883), c. 6, § 175.*

In an action of debt to recover a tax, it is no defense that the collector had not given an official bond.

Questions not duly raised at the trial, and not appearing in the bill of exceptions, will not be considered by the law court.

This was an action of debt for a balance of tax assessed against the defendant for the year 1900.

At the conclusion of the testimony the justice presiding directed the jury to return a verdict for the plaintiff for the sum of one dollar, being the amount claimed; to which ruling the defendant seasonably excepted on the ground that neither the assessors nor collector were shown to have been elected by ballot as required by statute, that it does not appear that the collector gave bond, and for the further reason that the warrant to the collector is insufficient.

The record for the town meeting for the year of 1900 was annexed to the bill of exceptions.

There was no record or other evidence of the election of assessors or collector by ballot, nor of the giving of bond by the collector.

A copy of the warrant to the collector was also annexed.

The action was duly directed in writing by the selectmen and the taxes duly assessed except in the above particulars.

The defendant took exceptions to the rulings and directions of the court.

*O. F. Fellows,* for plaintiff.

*L. B. Deasy,* for defendant.

The board that assessed the tax does not appear to have been elected at all by any method. This vitiates the tax. *Jordan* v. *Hopkins,* 85 Maine, 160; *Machiasport* v. *Small,* 77 Maine, 109.

SITTING: EMERY, SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J. This is an action of debt to recover the balance of a tax assessed against the defendant for the year 1900.

A verdict for the plaintiff was directed by the presiding justice, and the defendant excepted on the grounds that neither the assessors nor the collector are shown to have been elected by ballot, that it does not appear that the collector gave a bond, and that the warrant to the collector is insufficient.

The first and third grounds of exception are expressly waived by the defendant's counsel.

The second exception does not apply to this action which is brought directly by the town under R. S. (1883), c. 6, § 175. *Rockland* v. *Ulmer,* 87 Maine, 357.

The counsel raises a new point in his brief, namely, that the board of assessors which assessed the tax does not appear to have been elected at all. He relies upon the report of the town meeting introduced in evidence to show the election of a board identical in only two names out of the three with that which assessed the tax; that Whitmore, Bassett and Heath were elected assessors, and Whitmore, Bassett and Delano assessed the tax. *Jordan* v. *Hopkins,* 85 Maine, 159; *Machiasport* v. *Small,* 77 Maine, 109. This seeming defect in the assessment of the tax is not available to the defendant under his bill of exceptions. *Harwood* v. *Siphers,* 70 Maine, 464.

*Exceptions overruled.*