WILLARD J. CRAWFORD, PLAINTIFF AND APPELLEE, v.
SAMUEL KLINE, DEFENDANT AND APPELLANT.

Submitted June 18, 1906—Decided November 12, 1906.

1. A clause in a lease provided that, should the lessee remain in
   occupation of premises after the expiration of the lease, it shall
   then be a continuing yearly lease, to be terminated by either party
   at the end of any period of one year by the service of a notice
   thirty days before the expiration of any such year. *Held*, that a
   holding over by the lessee, after having given such notice of in-
   tention to vacate, would, at the option of the lessor, amount to a
   renewal of the lease for an additional year.
2. A witness was examined in Ohio on interrogatories. An interr-
   rogatory propounded to him was whether he had received from
   the defendant any letter with relation to the termination of the
   lease, "dated May 28th, 1904, or thereabouts." As propounded
   to the witness by the commissioner, the interrogatory asked him
   whether he had received from the defendant any letter with rela-
   tion to termination of the lease, "dated May 24th, 1904, or there-
   abouts." The witness answered "No." *Held*, that the refusal of
   the trial judge to strike out the interrogatory and answer because
   the question was unwarranted was not error.

On appeal from the District Court of the city of Trenton.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the plaintiff, *Clark McK. Whittemore.*

For the defendant, *William R. Piper.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of the
District Court of the city of Trenton.

The plaintiff sued the defendant to recover $195, and in-
terest, being for rent, for thirteen months, at $15 per month,
from June 1st, 1904, to June 30th, 1905, for a store in the
city of Cleveland, Ohio, and recovered a judgment of $202.71.

It appears from the state of the case that there was a

written lease from the plaintiff to the defendant, dated June 27th, 1902, for the term of one year, from July 1st, 1902.

The lease contained the following provisions, among others:

"Lessee shall pay, as liquidated damages, double rent for all time possession of said premises, or part thereof, is retained after termination of this lease, whether by lapse of time or of election of either party.

"Should the lessee remain in occupation of said premises after the date of the expiration of this lease, it is hereby agreed and understood that said lessee remains subject to the above conditions and terms and that the lease shall then be a continuing yearly lease, to be terminated by either party at the end of any period of one year, and by the serving of written notice by one party upon the other of their desire to terminate the lease at the end of any period of one year after said date of expiration, such written notice to be given at least thirty days before the end of such year.

"All rights and remedies of lessor under this lease shall be cumulative, and none shall be exclusive of any rights or remedies allowed by law."

The defendant took possession July 1st, 1902, and continued in possession after the expiration of the year, thereby becoming a tenant from year to year, with the privilege of terminating the tenancy by giving notice thirty days before the end of the year.

It also appears from the state of the case that one Kuehn was the agent of the plaintiff with respect to the building; that one Koch was the agent of the defendant; that the defendant testified that on May 28th, 1904, he sent a letter to Keuhn, saying: "As our lease expires on July 1st next, we hereby notify you we will vacate store. Our Mr. Koch will call on you for the key, to whom you will turn the key over for to remove the goods, when he will return the same to you after." The defendant further testified that he sent his agent (Koch) to Cleveland to close up the store, pack and ship the goods.

It also appears that Keuhn was examined in Ohio on interrogatories. The tenth interrogatory propounded to him

was whether he had received from the defendant any letter with relation to the termination of the lease, "dated May 28th, 1904, or thereabouts." As propounded to the witness by the commissioner, the interrogatory asked him whether he had received from the defendant any letter with relation to the termination of the lease, "dated May 24th, 1904, or thereabouts." He answered "No," thus denying the receipt of the letter.

Upon the trial a motion was made to strike out this interrogatory and answer because the question was unwarranted. This motion was denied, and such denial is now relied upon for reversal.

This motion was properly denied. The words "or thereabouts," and the reference in the interrogatory to the subject-matter of the letter, sufficiently identified it so as to make the answer admissible. The weight of the denial may have been less than if the interrogatory had correctly specified the date of the alleged letter, but this was a matter for the consideration of the jury.

The learned trial judge charged the jury that if there was no thirty days' notice given to either one the lease continued, "and if you find there was (no) notice given by Mr. Kline to Mr. Crawford, then your judgment should be for the full amount of $195, with interest." The word "no," where indicated by parenthesis, was manifestly omitted by error of the stenographer, and there was no objection made to this portion of the charge.

The trial judge further charged (and to this exception was taken) that "even if there had been notice, if you find that Mr. Kline kept possession of this store for fourteen days beyond the period for which he had given notice to vacate, that makes him a tenant for another year, and he is liable for the rent for the additional year."

It is contended by the defendant that this portion of the charge was erroneous, and such alleged error is relied upon for reversal.

This contention cannot prevail. There was evidence tending to show that the store was not vacated by the defendant

until July 14th, 1904. In view of the clause in the lease providing that should the lessee remain in occupation of the premises after the expiration of the lease, it shall then be a continuing yearly lease, to be terminated by either party at the end of any period of one year by the service of a notice thirty days before the expiration of any such year, the trial judge correctly held that such holding over would (at the option of the lessor) amount to a renewal of the lease for the additional year.·

The defendant contends that such a holding over is provided for in that clause of the lease respecting liquidated damages. But that clause refers only to a holding over that is not accepted by the lessor as a renewal of the lease, and does not debar the lessor from treating, as in this case, such holding·over as a renewal of the lease. In connection with this it is to be observed that the lease also provides that all rights and remedies of lessor under the lease shall be cumulative, and none shall be exclusive of any rights or remedies allowed by law.

There was therefore no error in the charge of the trial judge.

The result is that the judgment below should be affirmed.