# JUNE TERM, 1908.*

CHITTENDEN *v.* WESTERN UNION TELEGRAPH CO.

1. LANDLORD AND TENANT—LEASES—RENEWAL.

   Where a lease of space in a hotel lobby provided that the lessee should have the privilege of renewing it upon the same terms and conditions from year to year for four additional years, on giving written notice 30 days before the expiration of each term, the lessor had no voice as to renewals, and the notice provided for, when given, constituted a renewal.

2. SAME—RENEWAL—WHAT CONSTITUTES.

   Where, after renewal of a lease according to its terms, the lessee continued in possession and the lessor accepted monthly payments of rent, the parties were bound by the renewal, and any previous talk by the lessor appearing to be in the nature of a refusal to consider the lease renewed, was ineffectual.

3. SAME—TERMINATION OF LEASE—AUTHORITY OF AGENT—PRESUMPTIONS.

   It cannot be presumed that a lessor's brother, temporarily in charge of his business, had authority to terminate a written lease.

4. SAME—SURRENDER—ACCEPTANCE.

   Where a lessee of space in a hotel lobby, upon vacating before the termination of the lease, removed the railing by which the space had been enclosed, the use of such space by the guests of the hotel as a part of the lobby did not constitute an acceptance of the surrender.

5. SAME—RENT—RELEASE OF OBLIGATION.

   The use of the space did not release the lessee from his obligation to pay rent, in the absence of evidence that the lessor derived from such use a value equivalent to the rent the lessee agreed to pay.

Error to Wayne; Brooke, J. Submitted January 16, 1908. (Docket No. 79.) Decided September 10, 1908.

---

\* Continued from Vol. 153.

Assumpsit by William J. Chittenden against the Western Union Telegraph Company for rent. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*Corliss, Leete & Joslyn*, for appellant.

*Fred A. Baker*, for appellee.

MCALVAY, J. Plaintiff brought suit, in justice's court, against defendant in assumpsit, declaring orally on all the common counts. A plea of the general issue was entered. Plaintiff's claim was for a balance due on a written lease, to the amount of $500, for which he recovered a judgment. An appeal was taken to the Wayne circuit court, and the case tried before a jury, which, being so instructed, returned a verdict for plaintiff. Defendant asks this court to reverse the judgment entered upon such verdict, upon claimed errors duly assigned.

Plaintiff, the proprietor of the Russell House in Detroit, leased in writing to defendant a space 8 feet by 6 feet in the lobby of the hotel, at a yearly rent of $600, payable in equal monthly payments, for the term of 2 years, 4 months and 15 days, beginning August 16, 1897, and terminating December 31, 1899. The lease provided:

" The party of the second part shall have the privilege of renewing this lease upon the same terms and conditions from year to year for four additional years, on giving written notice of its desire so to renew at least thirty days before the expiration of each term."

Defendant occupied under this lease according to its terms. On October 17, 1900, it gave a notice of renewal under the lease, for a period of one year after December 31, 1900, the date of the expiration of the lease for that year. This notice was received by plaintiff. Defendant occupied the premises during the balance of the year 1900, and for three months of the year 1901. Plaintiff went away January 11 or 12, 1901, and was absent for some time. There is no doubt but that before the year ended he had

several conversations with defendant's agent relative to the matter of the amount of rent the space should bring. It is not disputed but the agent claimed the lease was renewed. It is claimed on his part that plaintiff said the lease was not renewed. Plaintiff denies any such statement. While he was away his brother was in charge of the hotel. Several conversations, in regard to rent the space would bring, were had between him and the agent. Rent had been paid and received for January and February. About March 18th defendant's agent stated to the plaintiff's brother that the company was going out, and he replied, "All right." Defendant moved out March 18th, tendering part of a month's rent. This was refused, and defendant then paid the March rent in full. The space leased by defendant was protected by a rail put up by its agents, and taken down by them when defendant went out. The space remained vacant for the balance of the term. At the end of the term suit was brought. The errors assigned are not to the action of the court in instructing a verdict for plaintiff, but in refusing to give defendant's requests to charge. These are all upon the theory that a verdict should have been directed in defendant's favor.

This lease is undisputed. As a matter of law plaintiff had no voice under the lease, whether or not it was renewed from year to year. By its terms the notice provided for, if given, constituted a renewal. Further, it is undisputed that, under this last renewal, defendant continued in possession, and plaintiff accepted the monthly payments of rent. By so doing, if theretofore there was any talk by plaintiff which appeared to be in the nature of a refusal to consider the lease renewed (if such talk could change the status of the parties), the same became ineffectual, and the parties were both bound by the renewal.

There is no evidence in the record that plaintiff's brother was authorized to terminate this lease. Such authority in this case cannot be presumed. There is evidence that he had no such authority.

When the tenant vacated the leased premises, the railing around the space occupied by it was taken down, and thereafter that space became a part of the lobby of the hotel, and was used, with the remaining portion of the lobby, by plaintiff's guests. Defendant contends that because of these facts it was released from payment of rent. This contention is based upon two theories: *First,* that the use of the space as a part of the lobby was an acceptance of a surrender. Plaintiff's acceptance of the surrender is not to be inferred because he left the space just as defendant left it. If so, then it must be held the duty devolved upon the plaintiff to place another railing around the space, to prevent his guests using it. We cannot so hold. *Second.* The other theory upon which it is contended that the use of the space terminated defendant's obligation is that plaintiff derived from its use the rental value. This theory we reject because we do not think it is sustained by the testimony. That does not prove that the use of this space to the plaintiff was worth the rent which defendant agreed to pay.

No error was committed by the court in instructing a verdict for plaintiff. There was no question of fact for the jury to determine.

The judgment is affirmed.

Grant, C. J., and Blair, Moore, and Carpenter, JJ., concurred.