GREATER NEWARK ASSOCIATES, PROSECUTOR, v. COMP-
TROLLER OF THE CITY OF NEWARK ET AL.

Argued November 3, 1909—Decided March 5, 1910.

1. An assessment on lands for a public improvement which does not
   exceed the benefits thereby conferred on the property will not
   be set aside on *certiorari* because the total cost of the improve-
   ment includes items not legally assessable, it appearing that the
   excess of total cost over the entire assessment is more than enough
   to cover such items.
2. The mere fact that there is included in the cost of grading a street
   authorized by a municipal ordinance the expense of a bridge over
   running water which the city chose to build instead of a culvert,
   will not invalidate an assessment against property for the bene-
   fits conferred thereon by the grading of the street.
3. An assessment on lands for the benefits conferred thereon by
   grading a city street will not be set aside merely because in ex-
   ecuting the improvement the city diverted a stream of water on
   to the property assessed.
4. Where a city has been permitted to incur the expense of the im-
   provement of a street by grading without objection as to the
   validity of the ordinance, and then assesses the benefits, it is too
   late for a party assessed to object on the ground of the invalidity
   of the ordinance.

On *certiorari.*

Before Justices SWAYZE, TRENCHARD and PARKER.

For the prosecutor, *Adam J. Rossbach.*

For the defendants, *Herbert Boggs.*

The opinion of the court was delivered by

TRENCHARD, J. This writ is sued out to set aside an assess-
ment for benefits against the property of the prosecutor, for
the grading of West End avenue, in the city of Newark.

The total cost of the work was declared by the common
council of Newark to be $7,616.72. Of this total cost $6,-
672.63 was assessed upon the property owners, and $944.09

was assessed upon and paid by the city. Of the total amount assessed on property owners, $6,438.20 was assessed upon the property of the prosecutor, and $234.43 upon the property of other owners.

The first reason urged why the assessment should be set aside is that certain items were included in the cost of the improvement which were not properly chargeable thereto, and therefore should not have been assessed against the property owners.

We think the objection not well founded.

The prosecutor expressly admits that the assessment against its property was not in excess of the benefits conferred.

It appears that before the street in question was graded a stream of water ran upon part of the street for a distance of about two hundred feet. During the progress of the grading, and in order to facilitate it, this stream was diverted on to the prosecutor's land. The costs of diverting this stream are included in the cost of the improvement and are the only items which are not clearly part of the legitimate cost of grading the street. The testimony shows that the total cost of diverting the stream was $660. Since this sum is less than the amount charged to the city, and the prosecutor admits that it was not assessed in excess of benefits actually received, the prosecutor is not aggrieved. So long as property is not assessed in excess of the benefits conferred, any part of the whole cost of the improvement may be assessed. *Frevert* v. *Bayonne,* 34 *Vroom* 202. The fact that there was included in the cost of the improvement $400 that the municipality expended in building a bridge instead of a culvert at the point where the water crossed the street, is no reason for setting aside the assessment. It was a part of the grading of the street. *Read* v. *Camden,* 25 *Id.* 347, 373.

The next point is that by diverting the stream of water upon the property of the prosecutor the city illegally entered upon and used the prosecutor's land without compensation. But if this be so, and the prosecutor be entitled to recover damages therefor in an appropriate action, it does not justify setting aside this assessment.

The next objection is that no "map showing the location and character of the improvement, the lands and real estate to be taken, and the name or names of the owners, accompanied the ordinance." It appears that the ordinance providing for the grading was passed by the council of the borough of Vailsburg, the land at that time being in that borough. Subsequently, and before the improvement was completed, the territory was annexed to and became a part of the city of Newark, and the assessment in question was made by the commissioners of Newark under the laws governing Newark as contemplated by "An act concerning consolidated cities and annexed municipalities and townships and portions thereof," approved March 22d, 1900. *Pamph. L., p.* 152. The argument is that section 57 of the Borough act (*Pamph. L.* 1897, *p.* 311) requires such map to be filed. But an examination thereof seems to disclose that the section relates only to improvement ordinances which require the taking of lands, and nothing of the kind seems to have been contemplated by the ordinance in question. But, however that may be, where a city has been permitted to incur the expense of an improvement without objection as to the validity of the ordinance, and then assess the benefits, it is too late for a party assessed to object on the ground of the invalidity of the original ordinance. *Durrell v. Woodbury,* 45 *Vroom* 206; *affirmed,* 46 *Id.* 939.

We have examined all other reasons argued, but find no merit in them.

The assessment under review will be affirmed, with costs.