ELLA M. POPE, executrix, *vs.*, CURTIS ABBOTT.

Suffolk.    March 12, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Landlord and Tenant,* Liability for rent, Surrender.

Where, in a lease of a room in a building for five years, it is provided that the lessee may have the right to surrender the premises at the end of three years by giving to the lessor on or before a certain date a notice in writing of his intention to do so, no surrender of the premises is effected unless, besides giving the notice as required, the lessee ceases to occupy the premises at the end of the three years, and, if he continues to occupy the premises after that time, the lease remains in force, and he cannot avoid it by giving a notice to quit as a tenant at will or by abandoning the premises. ·

CONTRACT for rent for the period from October 1, 1909, to January 13, 1910, alleged to be due under a lease in writing of a room in the Tremont Building in Boston. Writ in the Municipal Court of the City of Boston dated February 18, 1910.

The lessors assigned their rights under the lease to Eugene A. Pope, who originally was the plaintiff in this action. On his death the executrix of his will was admitted as plaintiff.

On appeal to the Superior Court, the case was heard by *Fessenden,* J., without a jury. It appeared that the substance of the provisions of the lease as to its term and the payment of rent was as follows:

"To have and to hold the premises hereby demised unto the lessee, for the term of five years beginning with the first day of April in the year nineteen hundred five. Reserving however, to. said lessee the right to surrender said premises on April 1, 1908, by giving said lessors notice in writing of his intention so to do on or before Jan. 1, 1908, and fulfilling all his covenants and agreements herein contained up to the date of surrender.

"Yielding and paying therefor the yearly rent of Five hundred dollars, during the said term, by equal quarter yearly payments . . . and also at the legal determination of this lease a proportionate part of the said rent for any part of a quarter then unexpired."

It also appeared that the defendant covenanted in the lease not to underlet without the consent in writing of the lessor. One Moffett occupied half of the premises described in the lease. There was some evidence that this was done with the knowledge of the lessors and without objection on their part.

After the defendant left the premises, Moffett paid the rent to and including October 1, 1909.

Other facts are stated in the opinion.

*L. R. Eyges,* (*C. Abbott* with him,) for the defendant.

*C. W. Hood,* for the plaintiff.

DeCourcy, J. The defendant's lease was for a term of five years from April 1, 1905, but it gave him a right to surrender the premises on April 1, 1908, by giving the lessors notice in writing on or before January 1, 1908, of his intention so to do. The notice which he gave on December 27, 1907, does not avail him, because later he failed to carry out his intention of surrendering the leased premises. Clearly his liability under the lease was not ended by his moving out about May 1, 1909; nor by the occupancy of Moffett without the consent in writing of the lessors; nor by the three months' notice to quit given on June 7, 1909. The lease was not legally terminated until the lessors' entry to take possession on January 13, 1910; and by its express terms the defendant became liable for "a proportionate part of the said rent for any part of a quarter then unexpired."

The finding of the trial judge was correct and the requests for rulings, so far as material, were rightly refused.

*Exceptions overruled.*