NATIONAL FURNITURE COMPANY

*vs.*

INHABITANTS OF CUMBERLAND COUNTY.

Cumberland.   Opinion March 4, 1915.

*Breach.   Covenant for Quiet Enjoyment.   Enjoyment.   Eviction.   Intention to Evict.   Lease.   Ouster.   Possession.   Repairs.*

An action for breach of the covenant for quiet enjoyment, expressed and implied in a lease between the parties, dated January 1, 1912.   The presiding Justice directed a verdict for defendant.

*Held:*

1.   The case is not doubtful.   The evidence would not have warranted a verdict for the plaintiff, and there was no evidence from which a different conclusion might be drawn by different minds.

2.   Breach of a covenant for quiet enjoyment is the basis of the action.   In resorting to this form of action, the plaintiff has mistaken his remedy, if he was damaged by the act of the defendant, for a covenant for quiet enjoyment in a lease is broken only by an eviction.

3.   The lease made provision for the entry of the County Commissioners for making repairs and improvements and the performance of any other duties required by them, by virtue of their office, and for abatement of rent during any suspension of the plaintiff's occupancy.

4.   These provisions were known to both parties, and the likelihood of their exercise must be held to have been in the contemplation of both parties at the date of the execution of the lease.

5. It is settled that to constitute an eviction, one must be actually dispossessed by one having the real title, or one under a paramount title.

6. An eviction is not a mere trespass and nothing more, but something of a grave and permanent character done by the landlord for the purpose and with the intention of depriving the tenant of the demised premises.

7. Every eviction includes an ouster, either of the whole or some part of the demised premises, and may be accomplished by the wrongful acts of the lessor depriving the lessee of the beneficial enjoyment of the premises, and the lessee in consequence abandons the same.

8. Such wrongful acts amount in law to an eviction, without other evidence that the landlord intended to deprive the tenant of possession.

9. But the mere fact that by an act or default of the landlord, not unlawful in itself, nor accompanied with any intention to effect the enjoyment of the premises demised, they have been rendered uninhabitable, is not sufficient to constitute an eviction.

10. The plaintiff did not abandon the possession. The defendants' acts were not voluntary, but under stress of paramount necessity. They were compelled to do the acts complained of, and when the necessity for such acts ceased, the plaintiff resumed business.

On exceptions by plaintiff. Exceptions overruled.

This is an action for breach of the covenant for quiet enjoyment, under a lease from the defendants to plaintiff, dated January 1, 1912, of the county jail workshop. The defendants plead the general issue, with brief statement alleging that they did not enter and expel the plaintiff from the premises leased, but, the county commissioners entered said premises for the purpose of performing the duties required of them by virtue of their office. At the close of the evidence, the presiding Justice directed a verdict for the defendants, and the plaintiff excepted to said ruling.

The case is stated in the opinion.

*D. A. Meaher*, for plaintiff.

*Samuel L. Bates*, for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HANSON, PHILBROOK, JJ.

HANSON, J. This is an action for breach of the covenant of quiet enjoyment expressed and implied in a lease between the parties dated January 1, 1912. At the trial the presiding Justice on motion directed a verdict for the defendant, and the case is before the court on the plaintiff's exception to that ruling.

The plaintiff leased the county jail workshop in Portland for the term of two years, and entered into possession on January 1, 1912, and engaged in the manufacture of chairs.   By the terms of the lease the defendant agreed to furnish and did furnish from the prisoners in the county jail such of their number as were sentenced to labor, to be employed by the plaintiff in its business.

The business was conducted without interruption until April 11, 1913, when as claimed by the plaintiff "the defendants entered and expelled the plaintiff from the possession thereof, by reason whereof the plaintiff was unable to have and to hold the said premises until the 21st day of May, 1913, and so the said defendants have not kept but have broken their covenants and the plaintiff could not hold and enjoy the said premises to the full end of the term mentioned in the said lease according to the form and effect of said intention."

The record shows that on or about February 5, 1913, complaint was made to the inspector of buildings for the city of Portland that the walls of the workshop were in a dangerous condition, that the inspector investigated, and made a detailed report of his examination to the county commissioners of Cumberland County.   The inspector found that the walls of the building were in dangerous condition, and recommended immediate action by the county commissioners. Thereupon the county commissioners investigated further, and after much consideration of the subject, employed a contractor to make necessary repairs.

The plaintiff claims that the repairs made were unnecessary, and that even if necessary, the work could have been done by the use of due care and diligence, so that its enjoyment of its lawful possession would not have been disturbed, and further that the defendants are liable in damages because they did not give the plaintiff reasonable notice of the proposed repairs, less than 24 hours as claimed by its superintendent.

In answer to these contentions the defendants say that the necessity for immediate repairs was imperative, that they had already delayed the work too long, that life and property were in danger, that the safety of the inmates of the jail was endangered, and that further delay would be a violation of their duty.   And the defendants claim that plaintiff's superintendent was notified of the intention of the defendants to repair several days before the 11th day of April, and that arrangements had been made and carried into effect to perform

the work so that the plaintiff's operations should continue, and that while so repairing the plaintiff continued to work for two days, and then ceased operations on its own motion and without necessity so far as the acts of the contractor were concerned.

The foregoing states the contentions of the parties, and it will serve no useful purpose to refer more particularly to the evidence. The record is long, and the elements of damage introduced occupy much of the report. We have examined the evidence with great care, and it is the opinion of the court that the ruling of the presiding Justice was correct. The case is not doubtful. The evidence would not have warranted a verdict for the plaintiff, and there was no evidence from which different conclusions might be drawn by different minds.

But the decision need not be based upon the foregoing reasons alone. There is another more potent, requiring little if any consideration of the evidence in the case for its application here, beyond the lease and the plaintiff's admissions. Breach of a covenant for quiet enjoyment is the basis of the action. In resorting to this form of action, we think the plaintiff has mistaken his remedy, if he was damaged by the act of the defendant, for a covenant for quiet enjoyment in a lease is broken only by an eviction. *Boothby* v. *Hatheway*, 20 Maine, 251. The evidence does not show an eviction or an intention to evict on the part of the defendants. There was no hostility alleged or apparent. There was a condition created, whether necessary or not, in view of which the plaintiff concluded to suspend its business for a period, but it did not surrender its possession, nor did the defendants claim or take possession, for the plaintiff resumed operations on May 21st, and so far as the case shows may still be in possession. By its own acts the plaintiff elected not to treat the acts of the defendant or the contractor as an eviction, and therefore cannot recover in this form of action. *William* v. *Holbrook*, 216 Mass., 239. The lease made provision for the entry of the county commissioners for making repairs and improvements and "the performance of any other duties required of them by virtue of their office, and for abatement of rent during any suspension of the plaintiff's occupancy." These provisions were known to both parties, the likelihood of their exercise must be held to have been in the contemplation of both at the date of the execution of the lease. The construction of the lease was for the court.

It is settled law that to constitute an eviction, one must be actually dispossessed by one having the real title, *Ferris* v. *Harshea*, 8 Tenn., 48, or one under a paramount title.   Words & Phrases, 2520.   An eviction is not a mere trespass and nothing more, but something of a grave and permanent character done by the landlord for the purpose and with the intention of depriving the tenant of the demised premises.   Words & Phrases 2518, and cases cited, 16 Cyc., 820.   Every eviction includes an ouster, either of the whole or some part of the demised premises, and may be accomplished by the wrongful acts of the lessor depriving the lessee of the beneficial enjoyment of the premises, and the lessee in consequence abandons the same.   Such wrongful acts amount in law to an eviction without other evidence that the landlord intended to deprive the tenant of possession.   Idem 2519.   But the mere fact that by an act or default of the landlord, not unlawful in itself, nor accompanied with any intention to affect the enjoyment of the premises demised, they have been rendered uninhabitable, is not sufficient to constitute an eviction.   *Boyce* v. *Guggenheim*, 106 Mass., 202.   Taylor's Landlord and Tenant, Chap. 10, Sec. 2, Note.   In *Skalley* v. *Shute*, 132 Mass., 367, an action for violation of a covenant for quiet enjoyment, it is held that "if the wrongful acts of a lessor are such as to permanently deprive the lessee of the beneficial enjoyment of the premises, and the lessee, in consequence thereof, *abandons the premises*, it is an eviction; and the intent to evict is conclusively presumed."

The plaintiff did not abandon the possession.   The defendants acts were not voluntary, but under stress of paramount necessity.   They were compelled to do the acts complained of, and when the necessity for such acts ceased, the plaintiff resumed business.

In view of the undisputed facts, we hold that the case fails to disclose any of the elements necessary to be shown to constitute an eviction.

The entry will be,

*Exceptions overruled.*