HENRY A. HILDRETH *vs.* CHARLES F. ADAMS.

Suffolk.    January 10, 1918. — March 4, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant.    Covenant.*

A lease of an apartment contained a provision under which the lessee could term-
inate the lease by giving a certain notice in writing and also contained the
following covenant: "It is hereby agreed by and between the parties hereto,
that occupancy (with consent of the Lessor) of the granted premises, after the
expiration of this lease, by the Lessee or his representatives, shall (at option of
Lessor) constitute a renewal of this lease by the year so long as occupied upon
the terms and conditions herein stipulated, unless an agreement to the con-
trary shall have previously been made in writing between the parties hereto."
The lessee gave the required notice in writing which would terminate the lease
on a certain day, and on that day the lessee, instead of vacating the premises,
wrote a letter to the lessor in substance proposing to retain the apartment for
another month as a tenant at will or at sufferance, agreeing to pay the rent for
that month and to surrender the apartment at the end of it.   Thereupon the
lessor treated the lease as renewed by the continued occupation of the lessee.
The lessee moved out of the apartment before the expiration of the additional
month, and the lessor continued to demand the payment of rent under the
lease and brought an action against the lessee for such rent covering a period
that included four months after the moving out of the lessee.   *Held,* that under
the agreement contained in the covenant the occupancy by the lessee after the
expiration of the term, with the assent of the lessor, constituted a renewal or
extension of the lease upon the same terms and conditions at the option of the
lessor, which he had exercised.

CONTRACT for the rent of a suite of rooms numbered 2 on the
first floor of an apartment house known as the Wrexham, num-
bered 1382 on Beacon Street in Brookline, for the months from
August, 1915, to February, 1916, inclusive, at $55 a month.   Writ
dated February 2, 1916.

In the Superior Court the case was tried before *Bell,* J.   On the
day of the trial the defendant made an offer of judgment in the
sum of $121.54.   The evidence is described in the opinion.   At
the close of the evidence the judge denied a motion of the de-
fendant that a verdict be ordered in accordance with the offer
of judgment, and granted a motion of the plaintiff that a verdict
be ordered for him.   The judge then ordered a verdict for the
plaintiff in the sum of $416.43 and, before the recording of the
verdict, reserved leave with the assent of the jury to enter a verdict

for the plaintiff in a smaller amount, if, upon exceptions taken on questions of law reserved, this court should decide that such a verdict should have been entered, and reported the case for determination by this court, such order to be made as justice and equity might require.

*G. K. Gardner,* for the defendant.

*E. H. Vaughan, E. T. Esty & J. Clark, Jr.,* for the plaintiff, submitted a brief.

PIERCE, J. A lease by indenture, executed on September 10, 1913, contained an habendum clause and a covenant which respectively read as follows:

"To have and to hold the premises hereby demised unto the Lessee, for the term of one (1) year from the first day of October in the year nineteen hundred and thirteen until the first day of October in the year nineteen hundred and fourteen (if then terminated as hereinafter provided) and thereafter from year to year, until one of the parties hereto shall, on or before the first day of August in any year, give to the other party written notice of his intention to terminate this lease on the first day of the following October, in which case the term hereby created shall terminate in accordance with such notice."

"It is hereby agreed by and between the parties hereto, that occupancy (with consent of the Lessor) of the granted premises, after the expiration of this lease, by the Lessee or his representatives, shall (at option of Lessor) constitute a renewal of this lease by the year so long as occupied upon the terms and conditions herein stipulated, unless an agreement to the contrary shall have previously been made in writing between the parties hereto."

Under this lease, the defendant entered as lessee into possession of the tenement demised on or about October 1, 1913, and uninterruptedly and continuously occupied it until sometime between October 27 and 31, 1915. On July 1, 1915, the defendant sent the plaintiff a check for all rent then due and a notice of his intention to surrender the premises, as follows: "You are hereby notified that I will vacate the above premises at the expiration of my present lease. Please acknowledge check and notice by letter. . . ." The plaintiff acknowledged receipt of the check and notice, and no question of the formal sufficiency of the notice is raised.

On September 30, 1915, the day of the expiration of the lease of the passing year, the defendant did not vacate the premises but sent a letter to the plaintiff as follows: "Endeavored to get you today over telephone to see if could arrange about an apartment with you. I find present apartment too small for us the coming winter and Mrs. Adams informs me you would not be willing to transfer us to an upper floor at same rental we are paying now for suite 2, so will be forced to change. Have been very busy and away from city a great part of the last month on business negotiations that will culminate next week. At that time will send you check in full for rent due to November 1st and apartment will be at your disposal on that date." As a declaration of his intention to consider the occupancy of the premises by the lessee after the expiration of the lease "a renewal of this lease by the year" the plaintiff, in a letter dated October 1, 1915, in reply to the letter of the defendant, enclosed and rendered the defendant a bill for the October rent which was payable in advance under the terms of the lease.

This letter, the reply of the defendant, and the subsequent correspondence indicate plainly the contentions of the parties; which, on the part of the plaintiff, is that the lease was not determined by the giving of a notice of an intention to vacate at the end of the year and then not going out, but was continued and renewed without a formal renewal for the further term of one year from October 1, 1915, by reason of the express language of the covenant "that occupancy (with consent of the Lessor) of the granted premises, after the expiration of this lease, by the Lessee or his representatives, shall (at option of Lessor) constitute a renewal of this lease by the year so long as occupied upon the terms and conditions herein stipulated;" and on the part of the defendant that his holding over did not constitute a renewal of the lease under the covenant but a tenancy at sufferance merely, because he did not occupy the premises after the expiration of the lease upon the terms and conditions therein stipulated but upon different terms and conditions, to wit, the wish to become a tenant at will expressed in the letter of September 30, 1915.

We are of opinion that the contention of the plaintiff is correct. A fair consideration of the habendum and the covenant leads to

the conclusion that it was the plain intention of the parties to the instrument, when it was executed, at the option of the lessor to bind the defendant as lessee for another year should he fail to give the required notice or, giving the notice, should neglect to vacate the premises at the expiration of the lease. We are also of opinion that by force of the explicit words of the covenant occupancy by the lessee after the expiration of the term, with the assent of the lessor, constituted a renewal or extension of the lease upon the same terms and conditions, and that the intent of the lessee to occupy the premises as a tenant at will or at sufferance after the expiration of the term is not an occupation upon different "terms and conditions" within any reasonable construction of those words as they occur in the covenant. *Scott* v. *Beecher,* 91 Mich. 590. *Cavanaugh* v. *Clinch,* 88 Ga. 610. *Graham* v. *Dempsey,* 169 Penn. St. 460. *Crawford* v. *Kline,* 45 Vroom, 203. *Ranlet* v. *Cook,* 44 N. H. 512. See *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267; *Ferguson* v. *Jackson,* 180 Mass. 557; *Pope* v. *Abbott,* 211 Mass. 582; *Willoughby* v. *Atkinson Furnishing Co.* 93 Maine, 185.

We do not agree with the argument of the defendant that the absolute option given the lessor has all the characteristics of an arbitrary penalty or forfeiture; nor do we agree with the contention that the enforcement of the covenant will give the plaintiff "a grossly disproportionate compensation for the defendant's failure to vacate the premises at the end of the term."

We think the verdict for the plaintiff was directed rightly. It follows, in accordance with the terms of the report, that judgment is to be entered on the verdict. And it is

　　　　　　　　　　　　　　　　　　*So ordered.*