JOHN M. BUCKLAND ET AL. *v.* WILSON H. TARBLE ET AL.

October Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 4, 1921.

*Landlord and Tenant—Lease Covenant Held not to Show Right of ''Extension''—Renewal of Lease by Payment of Rent in Accordance with Renewal Covenant—Renewal Perfected by Performance of Acts Required by Covenant—Satisfaction of Renewal Covenant.*

1.  A provision in a lease that "at the expiration of said term or any extension or renewal of the same" the lessee would deliver up the possession of the premises, etc., did not import that a right of "extension" was granted by the lease, but only provided for delivering up the premises in case of "extension" being had, as by subsequent agreement.

2.  Where a covenant in a lease gave the lessee the right and privilege to renew from year to year by paying $100 for rent each and every year in advance, payments of rent in advance for successive years were in renewal of the lease as provided for in the covenant; there having been no breach of its terms and conditions by the lessee.

3.  In such case, the acts of the parties being in strict conformity to the terms of renewal, and not in accord with any provision of the lease relative to the original term, the law will imply that such payments followed by the lessee's holding over after the expiration of the term of the lease, were in the exercise of the optional right of renewal.

4. When a tenant in possession has done the very act called for on
   his part in the lease covenant of renewal, he has done every-
   thing required of him to effect a renewal, as the enjoyment of
   the new term is to be under the conditions of the old, except
   as to that giving the right of renewal.

5. Where the provision in a lease for a renewal is in general terms,
   it is satisfied by a single renewal.

6. The covenant in the lease granting the lessee the right to renew
   "from year to year" was satisfied by three renewals; and, after
   receiving notice of the termination of the lease, the lessee's
   holding over after the expiration of the term of the third re-
   newal was without right.

ACTION OF JUSTICE EJECTMENT. Heard by the Court on an
agreed statement of facts at the March Term, 1920, Rutland
County, *Wilson, J.*, presiding. Judgment for the plaintiffs. The
defendants excepted.

*Walter S. Fenton* for the defendants.

The plaintiffs were estopped from denying the defendants a
further renewal of the lease. *Sweetser* v. *McKenney*, 65 Me. 225;
*Kelleher* v. *Fong*, 108 Me. 181, 79 Atl. 466; *Burns* v. *City of New
York*, 213 N. Y. 516, 108 N. E. 77.

Such estoppel is equitable, and may be availed of as a de-
fence in an action of ejectment. *Ferguson* v. *Jackson*, 180 Mass.
557, 62 N. E. 965; *Kentucky Lumber Co.* v. *Newell*, 32 Ky. Law
Rep. 396, 105 S. W. 972.

*Ira H. La Fleur* for the plaintiffs.

STATEMENT BY WATSON, C. J. December 21, 1914, Andrew
Buckland demised unto Wilson H. Tarble, by written lease duly
executed by both parties and recorded, certain premises situated
in Brandon, to have and to hold the same with all the privileges
and appurtenances, to the said Tarble, his executors, administra-
tors, and assigns, for the term of one year from the first day of
May, 1915. The lessee covenanted to pay to the lessor, his exec-
utors, administrators, or assigns, as rent in advance, the annual
sum of one hundred dollars on or before May 1, 1915, with the
right and privilege on the part of the lessee ''to renew this lease

from year to year under the same terms and conditions herein stated by his paying to the said Andrew Buckland, his heirs or assigns, said one hundred dollars for rent each and every year in advance.''

The lease provided that ''at the expiration of the said term or any extension or renewal of the same,'' the lessee would deliver up the possession of the premises to the lessor, his heirs or assigns, without let or hindrance, etc.

The lessor deceased on the 20th day of April, 1915, and before any payment of rent was due or paid. The premises described in the lease were decreed by the probate court having jurisdiction of the settlement of the decedent's estate, to the plaintiffs in this suit, subject to said lease.

There has been no breach of the terms and conditions named in the lease, on the part of the lessee to be performed.

After the decease of the lessor the rent reserved was paid in advance, according to the requirements of the lease, as follows: May 1, 1915, April 26, 1916, April 25, 1917, and May 1, 1918.

October 12, 1918, notice in writing was given by the plaintiffs to the lessee, to terminate the lease and vacate the demised premises, and that the former did thereby ''terminate said lease to take effect on the first day of May, 1919, for the following among other reasons: (a) Because the said Andrew J. Buckland, maker of said lease, is now deceased. (b) Because the lease was not secured fairly but is for greatly inadequate consideration. (c) Because by the terms of said lease we have the right to terminate the same at the end of any year and therefore as above indicated hereby elect to terminate the same.''

During the month of April, 1919, the lessee duly tendered to the plaintiffs the sum of one hundred dollars, the rent stipulated in the lease for the term beginning on the first day of May, following. This tender was refused by the plaintiffs. It is agreed that the same force and legal effect is to be given said tender as though the money had been paid into court and the same duly pleaded.

It was further agreed that if the plaintiffs are entitled to recover, the damages shall be assessed at $106.

Judgment was rendered for the plaintiffs to recover the peaceable possession of the premises in question, with $106 damages and costs. To this judgment exception was saved.

WATSON, C. J: The lease was for the term of one year from
May 1, 1915. Therein the lessee covenanted to pay to the lessor,
his executors, administrators, or assigns, as rent in advance, the
annual sum of one hundred dollars on or before May 1, 1915,
"with the right and privilege on the part of the said" lessee
"to renew this lease from year to year under the same terms
and conditions herein stated by his paying to the said Andrew
Buckland, his heirs or assigns, said one hundred dollars for rent
each and every year in advance." The parties differ as to the
proper interpretation of this covenant for renewal, and therein
lies the real question in the case.

It is urged by defendants that the later provision in the
lease that "at the expiration of said term or any extension or
renewal of the same," the lessee will deliver up the possession
of the premises, etc., shows that the word "extension" is there
used in the sense of "renewal" and in like manner has reference
to the covenant giving the optional right of renewal, previously
inserted. · The plaintiffs contend that there is a material differ-
ence between the words "renew" and "renewal" and the words
"extend" and "extension", referring to what is said on that sub-
ject in *Quinn* v. *Valiquette,* 80 Vt. 434, 68 Atl. 515, 14 L. R. A.
(N. S.) 962, in holding that case to be one of extension. They
also contend that the right of option to renew was never exer-
cised; for while the drawing of a new lease each year was not
necessary, there must have been some affirmative act of the
parties, relative to the renewal.

[1-3] As to the former contention of the plaintiffs, suffice it
that the lease has no provision, giving a right of "extension".
The clause containing that word does not import that such a
·right is granted by the lease. It only provides for delivering
up the premises in case of "extension" being had (for instance,
by subsequent agreement of the parties, express or implied), as
well as at the expiration of the term or of a renewal. To hold
over without right would be a breach of the provisions of that
clause. That no such breach was had prior to the holding over
in issue, appears of record. The covenant giving the lessee the
right to renew, specifies the affirmative act to be done by him to
effectuate such purpose, that is, "by his paying to the said"
lessor, "his heirs or assigns, said one hundred dollars for rent
each and every year in advance." The lessee made such pay-
ment in advance for each of the years 1916, 1917, and 1918, suc-

cessively following the expiration of the original term. In view of the fact of record that there has been no breach of the terms and conditions of the lease by him, it fairly appears that the payments of rent for those three successive years, were in renewal of the lease from year to year, as provided for, and in the manner specified, in the covenant giving such right and privilege. Indeed, the acts of the parties being in strict conformity to the terms of renewal contained in the lease, and not in accord with any provision of that instrument relative to the original term, the law will imply that such payments by the lessee and the acceptance of them by the landlords, followed by the former's holding over after the expiration of the term of the lease, were in the exercise of the optional right of renewal. *Insurance, etc., Co.* v. *National Bank,* 71 Mo. 58; *Ferguson* v. *Jackson,* 180 Mass. 557, 62 N. E. 965; *McBrier* v. *Marshall,* 126 Pa. St. 390, 17 Atl. 657; *Caley* v. *Thornquist,* 89 Minn. 348, 94 N. W. 1084; *Holton* v. *Andrews,* 151 N. C. 340, 66 S. E. 212; *Andrews* v. *Marshall Creamery Co.,* 118 Iowa 595, 92 N. W. 706, 60 L. R. A. 399, 96 A. S. R. 412.

[4]   Since the renewal covenant specifies the affirmative act to be done, the doing of that act should be held to constitute a sufficient exercise of the optional right. Even though the act so specified be something different from, and less than, the execution of a new lease, when a tenant in possession has done that very act, he has done all things required of him to effect a renewal; for the enjoyment of the new term is to be under the same conditions as was the enjoyment of the first term, except as to the condition giving the right of renewal. *Andrews* v. *Marshall Creamery Co.,* cited above. Much to the same effect is *Chittenden* v. *Western Union, etc., Co.,* 154 Mich. 1, 117 N. W. 548.

After the expiration of the original term, the lessee had a right to understand that he was holding possession of the premises under the renewals provided for in the lease, and whether, in legal contemplation, there should have been a new written lease executed in connection with each renewal is of no material consequence; for the important inquiry is: Was the lessee entitled to a further renewal? Three renewals being had, the money tendered by him for rent of another was refused, the landlords claiming the right to terminate the lease, and standing on their notice given six months before to the lessee to quit

at the expiration of the term of the then current lease-hold year. It is not claimed by the latter that the renewal covenant creates a perpetuity, but, on the contrary, he states in his brief that it does not.

[5] The established rule is, that where the provision for a renewal is in general terms, it is satisfied by a single renewal. *Winslow* v. *Baltimore, etc., R. R. Co.,* 188 U. S. 646, 47 L. ed. 635, 23 Sup. Ct. 443; 16 R. C. L. 888. And where the original lease contained a covenant for ''future renewals,'' the court said the language was satisfied by holding that it gave the lessee the right to two renewals. *Syms* v. *New York,* 105 N. Y. 153, 11 N. E. 369.

[6] In the present case the three renewals had were all with the co-operation of the landlords, by way of receiving the payments for rent and making no objections to the tenant's occupying the premises accordingly. This constituted a practical construction by the parties, showing that number of renewals to be within the scope of the optional right, which we follow. But we hold that thereby the language of the covenant, granting the right to renew ''from year to year,'' was satisfied, and that the tenant's holding over after the expiration of the term of the third renewal was without right. It follows that the exception to the judgment avails nothing.

Judgment affirmed.