WALLACE W. ROBINSON ET AL.

*vs.*

THE GREAT ATLANTIC & PACIFIC TEA COMPANY.

Cumberland.    Opinion, September 29, 1942.

*Cook, Hutchinson, Pierce & Connell,* by *Fred C. Scribner, Jr.,* for the plaintiffs.

*Locke, Campbell & Reid,* by *James L. Reid,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

STURGIS, C. J.   This action of assumpsit for rent having been referred under Rule of Court with right to except as to questions of law reserved, the Referee allowed a recovery of the rent charged in the account annexed and the case comes forward on exceptions to the acceptance of his report in the trial court.

In the Bill of Exceptions only questions of law raised by the written objections filed in the trial court pursuant to Rule XXI of the Supreme Judicial and Superior Courts are open for consideration. *Staples* v. *Littlefield*, 132 Me., 91, 167 A., 171; *Leavens* v. *Insurance Co.*, 135 Me., 365, 197 A., 309. Regardless of their importance, questions outside the scope of the bill of exceptions must be treated as waived and will be disregarded. *Harwood* v. *Siphers*, 70 Me., 464; *Verona* v. *Bridges*, 98 Me., 491, 57 A., 797; *Lenfest* v. *Robbins*, 101 Me., 176, 179, 63 A., 729; *State* v. *Chorosky*, 122 Me., 283, 287, 119 A., 662.

The record, in its parts material to this review, discloses that on June 30, 1938, the owner of a store in Portland, Maine, leased it to the Great Atlantic & Pacific Tea Company for a term ending July 31, 1940, at a monthly rental of $75 per month and with an agreement for extension or renewal of the following tenor:

> "The Lessee, at its option, shall be entitled to the privilege of five successive extensions of this lease each extension to be for a period of one year and on the terms and conditions and at the rental herein stated. Occupancy beyond the term of this lease or any extension hereof shall be deemed the Lessee's exercise of this option for the current year."

The Lessee entered and occupied the store under the lease and upon the death of the original Lessor the plaintiffs in this action became the Lessors.

It further appears that on July 31, 1940, the day the term ended, the Lessee did not vacate but sent a letter which was not received until three days later notifying the then Lessors that it would not renew the lease but would be glad to continue to occupy the premises at the same rental on a month to month basis and should assume that this arrangement was approved unless it heard from them to the contrary. Although this letter was not answered the Lessee paid the rent as provided in the lease and continued in possession of the demised premises until just before February 1, 1941, when having previously given thirty days' notice of its intention to quit on that date, it moved out of the store and has since refused to pay rent.

The Lessors, whose present ownership of the lease for the purposes of this case is conceded, contend that when the Lessee held over the lease was extended to August 1, 1941, and they are entitled to recover the unpaid rent reserved for the six months following February 1, 1941, when the tenant vacated the premises. The Lessee insists that as a result of its notice that it would not renew the lease but would remain on a month to month basis and the failure of the Lessors to reply or otherwise expressly disapprove the proposals there advanced, it became a tenant at will, effectively terminated that tenancy by its notice to quit and is not liable thereafter for the rent of the demised premises. It also interposes the defense of estoppel. And finally it claims a constructive eviction by reason of the Lessors' failure to repair the demised premises.

The extension or renewal of the lease taken by the Great Atlantic & Pacific Tea Company was a matter of contract between the parties and it is elementary that the Lessee could not without the consent of the Lessors abrogate or change that agreement. That consent in the form of waiver or otherwise is not to be found as a matter of law in the record. As the case is presented the Lessee at the end of the term by its own acts extended its lease for another year. *Hildreth* v. *Adams*, 229 Mass., 581, 118 N. E., 876; *Torrey* v. *Adams*, 254 Mass., 22, 149 N. E., 618, 43 A. L. R., 1447.

There was no exceptionable error in the ruling below that the Lessors were not estopped to enforce the provisions of their lease. The doctrine of equitable estoppel which is invoked is said to be that where a person with knowledge of the facts induces another to believe he acquiesces in or ratifies a transaction or will offer no objection to it and the other in reliance on that belief alters his position such person is estopped to repudiate the transaction to the other's prejudice. *Holt* v. *New England Tel. & Tel. Co.*, 110 Me., 10, 85 A., 159; 19 *Am. Jur.*, 676 et seq.; 31 *C. J. S.*, p. 362 and cases cited.

The claim advanced here is that after the Lessee had asserted that it had not renewed its lease and was occupying the premises on a month to month basis and had given its notice to quit one of the Lessors, speaking for both, admitted that change in tenancy had been made and was satisfactory and on the strength of this statement the tenant vacated. This admission is categorically denied by the Lessor charged with its utterance. Whether it was made or not is purely a question of fact. So too, it was exclusively for the trier of fact to determine, if it was found that the admission was made, whether the Lessee was thereby induced or influenced to and did in fact act to its prejudice. *Tower* v. *Haslam*, 84 Me., 86, 90, 24 A., 587. The resolving of the conflicts in and the weight to be given the evidence on this issue was for the Referee and as it cannot be held that his finding on this point was not based on any credible testimony it is final. *Brann et al.* v. *City of Ellsworth*, 137 Me., 316, 19 A. (2d), 425.

The lease did contain a covenant for repair and apparently there was a breach of it to some extent but it cannot be held that there was a constructive eviction which relieved the Lessee from liability to pay rent according to the terms of its lease. To constitute a constructive eviction it must appear that by intentional and wrongful acts the landlord has permanently deprived the tenant of the beneficial use and enjoyment of the premises and the tenant in consequence thereof has abandoned the premises. *Furniture Co.* v. *Inhabi-*

*tants of Cumberland County,* 113 Me., 175, 93 A., 70; *Taylor v. Finnigan,* 189 Mass., 568, 76 N. E., 203; *Skally* v. *Shute,* 132 Mass., 367; *Royce* v. *Guggenheim,* 106 Mass., 202, 8 Am. Rep., 322. These facts cannot be found in this case.

*Exceptions overruled.*