STATE OF MAINE
Cumberland, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-16-39

JULIE DERICE and ANDREW DERICE )
                                     )
             Plaintiffs, )
v.                           )
                                     )       ORDER ON DEFENDANT'S
                                     )       APPEAL OF JUDGMENT
DANIEL AZER,                   )
                                     ) STATE OF MAINE
            Defendants.        Cumberland ss Clerk's Office

MAR 3 1 2017

RECEIVED

## I.      Background

Defendant appeals the District Court's entry of judgment in the amount of $2,456.61 and $55 of costs for rent due, cleaning and repair of the apartment rented by Plaintiffs to Defendant. For the fifth year in a row, Defendant signed a year lease to rent an apartment from Plaintiffs. The lease agreement states that "only those people listed on the lease agreement are permitted to inhabit the premises." Pl. ex. A. The lease term began on August 1, 2015. In January 2016, Defendant found another place to live. He advertised for two roommates who moved into the apartment without Plaintiffs' approval. Defendant continued paying rent on the apartment until May 2016, at which point the apartment was abandoned.

Defendant contends that he vacated the apartment because of a mold problem that was making his wife ill. He claims to have notified Plaintiffs of the mold prior to the beginning of the new lease term by phone. Defendant did not provide the Plaintiffs with written notification of the alleged mold problem until April 29, 2016.

**Plaintiffs–Pro Se**
**Defendant Pro Se**

1

The District Court found in favor of Plaintiff awarding back rent, late fees, cleaning and repair costs, and costs. The Court affirms the decision of the District Court.

II.     Standard of Review

An aggrieved party may appeal a small claims judgment entered in the District Court to the Superior Court.  M.R.S.C.P. 11(a). The Superior Court will affirm a small claims judgment unless the judgment was "arbitrary, capricious or unreasonable" based on the evidence in the record on appeal presented as a whole. *Manzo v. Reynolds*, 477 A.2d 732, 733 (Me. 1984).

III.     Discussion

Defendant has brought this appeal asserting that as a matter of law the District Court erred by failing to consider his defenses of the warranty of habitability and constructive eviction in entering judgment for Plaintiffs. Defendant claims that the District Court did not consider his testimony concerning his wife's health concerns and the Plaintiffs' inaction. Defendant argues that, based upon the record, the judgment entered by the District Court was arbitrary, capricious and unreasonable.

The Court finds that the District Court did consider the testimony presented and that the decision of the District Court is based upon evidence in the record. Defendant first claims that the Court erred in not ruling in his favor due to his defense of the implied warranty and covenant of habitability. According to 14 M.R.S. § 6021, a tenant may bring a claim against his or her landlord where:

A. A condition, which shall be described, endangers or materially impairs the health or safety of the tenants;
B. The condition was not caused by the tenant or another person acting under his control;
C. Written notice of the condition without unreasonable delay, was given to the landlord or to the person who customarily collects rent on behalf of the landlord;
D. The landlord unreasonably failed under the circumstances to take prompt, effective steps to repair or remedy the condition; and
E. The tenant was current in rental payments owing to the landlord at the time written notice was given.

14 M.R.S. § 6021(3). In the current case, testimony was provided by both parties that there was not immediate written notice of the alleged unfit conditions. Defendant stated that he did not notify Plaintiffs in writing until April 29, 2016. Tr. 42; Def. Ex. I. Defendant moved out of the apartment sometime in January 2016. Tr. 38. Plaintiffs assert that they were not made aware of the mold problem until the April 29th email. Tr. 24. Because Defendant did not notify the Plaintiffs of the perceived defect in writing prior to moving out of the apartment, Defendant is unable to make a showing of all elements of his defense of warranty of habitability pursuant to 14 M.R.S. § 6021. Therefore, the District Court did not err in denying Defendant's defense of the warranty of habitability.

Similarly, the Court did not err in denying Defendant's defense of constructive eviction. In order to succeed in a defense of constructive eviction when faced with the Plaintiffs claims for rent due, "it must appear that by intentional and wrongful acts the landlord has permanently deprived the tenant of the beneficial use and enjoyment of the premises and the tenant in consequence thereof has abandoned the premises." *Robinson v. Great Atlantic & Pacific Tea Co.*, 139 Me. 194, 198, 28 A.2d 468. Because Defendant failed to properly notify the Plaintiffs of the alleged mold prior to vacating the apartment, the District Court could not have made a finding that Plaintiffs' failure to remedy

3

the mold was an "intentional and wrongful act." Therefore, the Court finds that there is evidence in the record supporting the decision of the District Court.

IV.     Conclusion

The Court affirms the decision of the District Court.

DATE: 3/31/17

_____
Lance Walker
Justice, Superior Court

4