## EMELINE J. CUTTER vs. ALEXANDER COCHRANE.

Suffolk. Nov. 11.—Dec. 28, 1874. WELLS & DEVENS, JJ., absent.

The release of a party from the performance of a contract constitutes a sufficient consideration for his promise to account with the other party for moneys paid by the latter under the contract.

CONTRACT for money had and received, with counts on an agreement to repay money paid by the plaintiff to the defendant on a contract, alleged to have been rescinded.

At the trial in the Superior Court, before *Rockwell*, J., the plaintiff offered evidence tending to prove the following facts: In November, 1870, the plaintiff and the defendant acting through his agent, Hugh Cochrane, entered into a verbal agreement for the purchase by the plaintiff of the defendant, as guardian of certain minor heirs, of a dwelling-house and land connected therewith, situated in Malden. On November 11, the plaintiff made the first payment, and took a receipt and memorandum, as follows: " Received of Mrs. E. J. Cutter one hundred dollars, on account of purchase of estate known as Cochrane estate, situated on Court leading from Main Street; price, forty-seven hundred dollars; to be paid in instalments of seventy-five dollars per month, until June 1, 1871, at which time amounts of payments to equal one thousand dollars, and one thousand dollars to be paid in quarterly payments from that date. Balance on mortgage for three years from that date. Bond for deed to be given on that date, and deed when the balance of the second thousand is paid. Hugh Cochrane, for guardian."

The authority of Hugh Cochrane to act as agent for the defendant was not denied. Various payments were made by the plaintiff, from November 11, 1870, to October 17, 1871, amounting to $950 in all, for which receipts were given, sometimes signed by the defendant, and sometimes by Hugh Cochrane, in his behalf.

In November, 1870, the plaintiff entered into possession of the house and premises under the agreement of sale, and continued to occupy the same until July, 1872. About April 1, 1872, no further payments having been made, Hugh Cochrane

went to the house of the plaintiff, and said the defendant was dissatisfied, on account of the delay in making the payments; and it was then agreed that the agreement of sale should be rescinded; that the plaintiff should give up possession of the premises to the defendant, but should hold possession and keep the house furnished for a while, to enable the defendant to make a more advantageous sale of the same, and pay the defendant interest at eight per cent. per annum on the purchase money for the time she should have occupied; and that the defendant, in consideration thereof, should pay back to the plaintiff the several sums she had paid towards the purchase, with eight per cent. per annum on the several payments from the date of such payments, and also refund to her $60.03, being the amount of taxes on the estate paid by her. The plaintiff remained, and kept the house furnished until the defendant sold the same on May 24, 1872, and, as soon as requested thereafter, gave up the possession to the purchaser on July 18, 1872. In September, 1872, she went to the store of the defendant in Boston for a settlement, where she found Hugh Cochrane and the defendant together, and where Hugh, in the defendant's presence, made out a statement of the balance due the plaintiff, placing it at $267.75; that it differed from the above agreement only in that it did not embrace the item of taxes, nor did it allow her interest on the payments made by her; while on his side was claimed an item of $24.25, alleged to have been paid by him for insurance, and which he contended ought to be paid by the plaintiff. The plaintiff declined to settle on these terms, and subsequently, and before suit brought, made formal demand for all the money paid by her as above, which was refused by the defendant.

After the evidence was closed, the defendant's counsel asked the judge to rule that the plaintiff was not entitled to recover, on the ground that there was no consideration for the alleged promise on the part of the defendant. The judge so ruled, and ordered a verdict for the defendant, and the plaintiff alleged exceptions.

*N. B. Bryant*, for the plaintiff.

*J. P. Converse & E. A. Kelly*, for the defendant.

AMES, J. Whether by her failure to make the stipulated payments the plaintiff had lost all her rights under the original con-

tract, and forfeited the money which she had paid, is a question which the defendant is not entitled to raise in this case. The settlement which was had between the parties proceeded upon a very different ground. An agreement to rescind a previous contract imports that, until it is rescinded, it is recognized by both parties as subsisting and binding. The rescinding of a previous contract containing mutual stipulations is a release by each party to the other. The release by one is the consideration for the release by the other, and the mutual releases form the consideration for the new promise, and are sufficient to give it full legal effect. The defendant is bound to account for the money that has been paid to him, not because the purchase did not go into effect, but because, in consideration of mutual releases, he has excused the plaintiff from its fulfilment, has consented to a new agreement, and has expressly promised to account for the money.

*Exceptions sustained.*