## EMILY R. ROLLINS *vs.* ALEXANDER MARSH.

Worcester. Oct. 1, 1879. — Jan. 12, 1880. ENDICOTT & LORD, JJ., absent.

A contract by a guardian for the support and care of his ward binds the guardian personally, and not the ward.

A writ against A. " as he was the guardian of " B., is against A. personally, and the words " as he was the guardian," &c. may be rejected as surplusage.

If two persons enter into a written contract, which one refuses to fulfil, and the other makes a new contract with him, which operates as a rescission of the original contract, the new contract is founded upon a sufficient consideration.

CONTRACT in two counts. The first count was on an account annexed for board, lodging and care furnished Lucy A. Rollins, an insane person, of whom the defendant was guardian. The

second count was on a written contract, by the terms of which the plaintiff was to furnish Rollins with board, lodging and care during her natural life, in consideration of the use of certain real estate and personal property belonging to Rollins. The writ, dated November 23, 1877, was against the defendant, "as he was the guardian of Lucy A. Rollins."

Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions in substance as follows:

The defendant was appointed guardian of Lucy A. Rollins, an insane person, in March, 1874. The defendant, on March 20, 1874, made with the plaintiff the written contract declared on; and the plaintiff then entered into possession of the real and personal estate therein named, and continued in possession thereof until April 1, 1877. The plaintiff assumed the care and support of Rollins on March 20, 1874, under the contract, and continued such care and support until December 11, 1876, when Rollins, with the consent of the plaintiff, left for a visit to her daughter, and died while thus absent, on October 27, 1877. The plaintiff contended that, a few weeks after March 20, 1874, she found the support and care of Rollins more onerous and expensive than she had anticipated, and more than it had previously been; that she requested the defendant to remove her, and declined to continue her future care unless the defendant would make a further compensation therefor; and that the defendant thereupon agreed to make her such further compensation as should be right. The making of any such contract was denied by the defendant.

The defendant contended that the plaintiff could not maintain an action in its present form against him for the care and support of his ward; that, if any contract was made by him as guardian, this action could not be maintained; that the remedy was either by an action against the ward or her administrator, or on the bond given by the defendant as guardian; and that there was no consideration for a new agreement while the written one was in force, for the care and support of the ward during her life.

The jury returned a verdict for the plaintiff; and the judge reported the case for the determination of this court. If the action could be maintained, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside.

*W. A. Gile*, for the defendant.

*B. W. Potter*, for the plaintiff.

SOULE, J.   Guardians of minors, spendthrifts, or insane persons do not become owners of the property which is placed under their charge.   The title thereto remains in the wards.   The guardians have only a naked power, not coupled with an interest. The debts of the ward remain his debts, and can be recovered by suit against him, not by suit against the guardian.   *Brown* v. *Chase*, 4 Mass. 436.   *Simmons* v. *Almy*, 100 Mass. 239.   Such suit may be defended by the guardian in behalf of the ward. The guardian cannot bind the person or estate of his ward by contract made by himself.   Such contract binds him personally, and recovery for breach of it must be had in an action against him.   *Hicks* v. *Chapman*, 10 Allen, 463.   *Bicknell* v. *Bicknell*, 111 Mass. 265.   *Wallis* v. *Bardwell*, 126 Mass. 366.   He cannot escape liability on such contracts by reciting that he makes them in his official capacity; and it is immaterial, in a suit brought against him thereon, whether he is described by his official title or not.   The judgment in either case must be against him personally, and the description has no legal effect. It may be disregarded as surplusage.   It is immaterial, therefore, that the cause of action is described in one count as a contract made by the defendant, and in another as a contract made by the defendant in his official capacity.   The legal liability being the same in whichever form the contract is made, there is no inconsistency in the counts.

Accordingly, in *Thacher* v. *Dinsmore*, 5 Mass. 299, the action was brought on two promissory notes, by which the defendant "as guardian to A. L., an insane person," promised to pay the plaintiffs or order one sum on a day certain and another on demand.   There were two additional counts on the same notes, in which the promises were alleged to have been made by the defendant without adding his capacity of guardian, and a verdict having been found for the plaintiffs on the general issue pleaded, judgment was rendered upon it.   Chief Justice Parsons, in giving the opinion of the court, said: " If an action is maintainable against any person, it must be the defendant; for the guardian of an insane person cannot make his ward liable to an action as on his own contract, by any promise

which the guardian can make. Neither can the defendant be sued in his capacity of guardian, so as to make the estate of his ward liable to be taken in execution; for the judgment is not against the goods and estate of the ward in his hands, but against himself. A creditor may sue the insane person, who shall be defended by his guardian, and in that case, judgment being against the insane person, it may be satisfied by his property. The defendant's description of himself in the notes as guardian cannot vary the form of action; but it is for his own benefit, that, on payment of the notes, he may not be precluded from charging the moneys paid to the account of his ward." See also *Forster* v. *Fuller*, 6 Mass. 58; *Sumner* v. *Williams*, 8 Mass. 162; *Fiske* v. *Eldridge*, 12 Gray, 474.

The writ against the defendant in the case at bar orders the sheriff to attach the goods and estate of "Alexander Marsh, as he was the guardian of Lucy A. Rollins," and to summon "the defendant" to appear, &c. This is a writ against the defendant personally, and is the sufficient foundation for a judgment against him. As has already been seen, a suit on a demand against a ward must be brought against the ward, not against the guardian, and the form of writ used when a suit is brought against an administrator on a contract made by his intestate is not appropriate. In such case, the order in the writ is to attach the goods and estate which were of the intestate, in the hands of the administrator. Such form is necessary there, because a judgment when obtained is to be paid out of the estate of the intestate, the title to which is in the administrator, not out of the administrator's own estate, and the writ must indicate whose estate is to be attached, if any. This form is not necessary in the case of a ward, because the title to the estate remains in him, and does not pass to his guardian. The words "as he was the guardian," &c. have no legal effect in the writ, and may be disregarded as surplusage.

The original contract made by the defendant for the support of his ward was his own contract, and the subsequent arrangement made for further compensation to the plaintiff, was his own contract, on which he alone, if any one, was liable to the plaintiff. This clearly follows from the doctrine of the cases above cited. The defendant contends that this subsequent

arrangement did not impose any liability on him, because it was without consideration. The parties had made a contract in writing with which the plaintiff had become dissatisfied, and which she had informed the defendant that she should not fulfil unless the terms were modified. If she had abandoned her contract, he might have made a new arrangement with some one else for the support of his ward, and enforced whatever remedy he had for the breach against the plaintiff. Instead of this, he made a new contract with her, which operated as a rescission of the original agreement. Meanwhile the plaintiff had continued in the performance of her original agreement, which was recognized by both parties as subsisting and binding, till it was rescinded by the making of the new one. The release of one from the stipulations of the original agreement, is the consideration for the release of the other; and the mutual releases are the consideration for the new contract, and are sufficient to give it full legal effect. *Cutter* v. *Cochrane*, 116 Mass. 408. The action can be maintained, and, according to the terms of the report, there must be                               *Judgment on the verdict.*