LOTTIE E. DUNBAR *vs.* HORACE B. DUNBAR.

Suffolk.   January 22, 23, 1901. — December 31, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Contract,* Consideration.  *Bankruptcy Act,* Contingent claims.

The compromise of a disputed claim is a good consideration for a promise.

An agreement by a man to pay to his divorced wife for her support a certain sum yearly in monthly instalments during her life or until she marries, and to pay to her a further sum yearly in the same manner for the support of each of her two children until each respectively shall attain the age of twenty-one years, creates only contingent claims which are not provable under the bankruptcy act of 1898 and are therefore not barred by a discharge in bankruptcy.

CONTRACT for ten monthly instalments of $74.99 each, alleged to be due and payable to the plaintiff for the support and maintenance of the plaintiff and the plaintiff's minor son, under an instrument in writing under seal. Writ in the Municipal Court of the city of Boston dated October 2, 1899.

The answer denied the allegations of the declaration, and alleged the defendant's discharge in bankruptcy, also that the contract sued upon was without consideration.

On appeal to the Superior Court the case was tried before *Braley,* J., without a jury. The instrument sued on was as follows: "Controversies having arisen concerning the agreement heretofore made between Horace B. Dunbar and Lottie E. Dunbar in September, 1889: In consideration of said Lottie E. Dunbar's of forbearing suit on such controversies, and in settlement of all such controversies, and in substitution of said agreement of September, 1889, and in further consideration of the release by Lottie E. Dunbar, and in satisfaction of all claims under said original agreement, Horace B. Dunbar agrees with the said Lottie E. Dunbar as follows:

"That Horace B. Dunbar will pay to Lottie E. Dunbar during

her life, or until she marries, for her maintenance and support, yearly, the sum of five hundred dollars, and will pay to her yearly for the support and maintenance of her child Harry H. Dunbar the sum of four hundred dollars until he shall attain the age of twenty-one years; and shall pay to her yearly for the support and maintenance of her child Willie W. Dunbar the sum of four hundred dollars until he shall attain the age of twenty-one years, all said sums to be paid in equal monthly installments between the first and tenth of each and every month — the first installment being for the month of May, 1896, shall be paid between the first and tenth of June, 1896.

"And in addition to the foregoing said Horace B. Dunbar agrees to pay the further sum of one hundred dollars between the first and tenth day of July, 1896, over and above the installment otherwise due for said month.

"And the said Lottie E. Dunbar hereby agrees that she has not, nor shall she have any other claim or demand against Horace B. Dunbar for contribution to her support and maintenance or for the support, maintenance or education of said children save and except as fixed and limited by this agreement."

This instrument was not dated but it appeared that it was executed some time in 1896. It was signed under seal by the defendant and the plaintiff and each of their signatures was witnessed.

It was admitted by the counsel for the plaintiff that the defendant was duly discharged in bankruptcy on April 24, 1899, and that the plaintiff's claim under the instrument in suit was proved for the instalments that had accrued and were unpaid at the date of the adjudication in bankruptcy.

It was further admitted and agreed that there was a divorce granted in Ohio to the defendant from the plaintiff, on the ground of her desertion, which became absolute as soon as the court granted it on August 8, 1889.

The defendant contended that the contract was made in Ohio and was governed by the law of that State, and introduced statutes and decisions of Ohio, to show that in that State a contract under seal requires a consideration to support it, and contended that there was no consideration for the contract in suit.

The judge found for the plaintiff in the sum of $429.04, and

at the request of the parties reported the case for the consideration of this court. The rulings of the judge, by which he arrived at the sum which he found to be due, and the terms of the reservation are stated in the opinion of the court.

*J. O. Teele & F. H. Stewart*, for the plaintiff.

*G. F. Williams & J. A. Halloran*, for the defendant.

BARKER, J.   The action is in contract to recover ten instalments of $74.99 each, alleged to be due to the plaintiff in part for her own support and in part for that of her minor son, under a sealed instrument executed by herself and the defendant in the year 1896.   After a ruling that so much of the demand as related to the support of the son was barred by the defendant's discharge in bankruptcy, and a finding for the plaintiff for so much as related to her own support, and an order of judgment for the plaintiff upon the finding, the case comes here upon a report which states some facts that seem to have been admitted or not disputed at the trial, and upon the evidence there introduced. The court below refused to rule that upon all the evidence the plaintiff was not entitled to recover, and also refused to rule that the discharge in bankruptcy was not a bar to any part of the claim ; and ruled that the discharge was a bar to so much of the demand as was alleged to be due for the support of the son.   By the terms of the report, if the rulings were right the judgment is to be affirmed ; otherwise, such judgment is to be entered as law and justice may require.

The defendant's contentions are that his discharge in bankruptcy is a bar to the suit, and also that the agreement sued upon was without consideration ; and further, that the agreement is void, because in substitution for an earlier one founded upon a collusive arrangement to enable him to procure a divorce from the plaintiff.

It is immaterial whether there was collusion in the divorce suit, and whether the agreement of September, 1889, was invalid by reason of such collusion or for want of consideration.   That agreement was made and performed by the defendant for several years.   When he broke it the plaintiff asserted that it was valid and binding, and the agreement of 1896, now sued on, was made in settlement of the controversy so arising.   The compromise of this controversy was a sufficient consideration for the

agreement of 1896. *Medway* v. *Milford*, 21 Pick. 349, 353. *Barlow* v. *Ocean Ins. Co.* 4 Met. 270, 275. *Cobb* v. *Arnold*, 8 Met. 403, 405. *Tuttle* v. *Tuttle*, 12 Met. 551, 554. *Allis* v. *Billings*, 2 Cush. 19, 26. *Whitney* v. *Haverhill Ins. Co.* 9 Allen, 35. *Easton* v. *Easton*, 112 Mass. 438, 443. *Cutter* v. *Cochrane*, 116 Mass. 408. *Rollins* v. *Marsh*, 128 Mass. 116, 120. *Dean* v. *Skiff*, 128 Mass. 174.

As there was an actual consideration for the agreement of 1896, it is immaterial whether it was to be construed as entered into in Ohio or in Massachusetts.

Whether the bankruptcy act of 1898 allows the proof of contingent claims must depend finally upon the construction of the statute by the federal courts. This court in *Morgan* v. *Wordell*, 178 Mass. 350, expressed the opinion that one class of contingent claims was not so provable, and in *Goding* v. *Roscenthal*, *ante*, 43, followed that expression of opinion by a decision to the same effect. If claims of the nature then held to be not provable are not provable, we see no ground for holding either class of obligations imposed upon the defendant by his contract of 1896 to be provable.

The result is that the defendant's discharge in bankruptcy was not a bar to either branch of the plaintiff's claim now in suit; and that the plaintiff should have judgment for all of the unpaid instalments declared for, with interest and costs.

*So ordered.*