Martin Tuttle *vs.* Metz Company & trustee.

Suffolk.    November 23, 1917. — January 12, 1918.

Present: Rugg, C. J., Braley, Crosby, Pierce, & Carroll, JJ.

*Cont·act*, Construction. *Evidence*, Presumptions and burden of proof. *Accord and Satisfaction.*

One engaged in the business of collecting and selling statistical information relating to motor cars wrote to a manufacturer of motor cars in October, 1915, offering to furnish statistics to October 1 for $900 and at the rate of $200 a month for the remaining months of that year, and stating that, "if during next January you do give us an order for our service during 1916 at $200 per month we will cancel the amount of $900." In November, 1915, the manufacturer wrote accepting the offer. On January 31, 1916, the manufacturer wrote, "Will you please consider this letter our order for your monthly service as arranged for in our letter of November 4, for the calendar year of 1916, at a cost to us of $200 per month. This will cancel the previous charges in this connection and authorize the continuance of the service, as previously arranged for." The furnisher of statistics acknowledged this in a letter dated February 10, in which a "credit memorandum . . . for the $900" was enclosed. On August 1, 1916,

the manufacturer refused to carry out the contract and the furnisher of statistics brought an action against it for breach of contract, in which among other items he included the original charge of $900. *Held,* that, while the plaintiff was entitled to recover on the other items, he had released the defendant from the original charge of $900, and that the defendant's subsequent failure to carry out the terms of the agreement did not revive this obligation, the making of the contract for 1916 and not its performance having been accepted as extinguishing the charge of $900 for the statistics up to October 1, 1915.

In the same case it was *said,* that, the burden being on the plaintiff to prove the contract and the letters by which the contract was made showing the extinction of the charge of $900 by the agreement to pay $200 a month in 1916, there was no ground for saying that the burden was on the defendant to prove a defence of accord and satisfaction.

CONTRACT, the declaration containing a first count for a breach of an express contract and a second count on an account annexed for $2,700. Writ dated October 3, 1916.

The first item of the account annexed was dated November 24, 1915, and was "For furnishing registrations and totals to Oct. 1, 1915, $900." The items from two to nine inclusive were "For furnishing motor lists registrations for" each of the months of October, November and December, 1915, and January, February, March, April, May and June, 1916, at $200 a month. The eleventh item was for "Interest on $2,700 . . . from September, 1, 1916, when demand for payment was made."

In the Superior Court the case was tried before *Bell,* J. The evidence is described in the opinion. Both parties asked the judge for rulings upon the question whether the plaintiff was entitled to recover the sum of $900 for the total registrations up to October 1, 1915. The judge ruled that the question would be decided as a matter of law and reserved the right with the consent of the jury to modify the verdict under St. 1915, c. 185. There was evidence for the jury that the plaintiff performed and was at all times ready and willing to perform his part of the contract up to the time the plaintiff received the letter from the defendant dated August 1, 1916, although the defendant contended that the services rendered were unsatisfactory. The judge left the case to the jury upon the issues other than the one reserved by him as above. They returned a verdict for the plaintiff in the sum of $2,460.

Later the judge ruled as a matter of law that the plaintiff was not entitled to recover the item for $900 and ordered that the

verdict be entered for the plaintiff in the sum of $1,537.50. At the request of the plaintiff he reported the case for determination by this court. If his ruling was right, the verdict was to stand; otherwise, the verdict was to be entered for the plaintiff in the sum of $2,460 with interest from February 8, 1917, the date of the finding of the jury, with costs.

*F. P. Garland,* (*H. Tirrell* with him,) for the plaintiff.

*W. J. Bannan,* (*J. L. Harvey* with him), for the defendant.

CARROLL, J. The defendant is a manufacturer of motor cars. The plaintiff, who is engaged in collecting and selling statistical information relating to motor cars, on October 23, 1915, wrote to the defendant offering to furnish the statistics to October 1, for $900, and at the rate of $200 per month for the remaining months of that year; and "if during next January you do give us an order for our service during 1916 at $200.00 per month we will cancel the amount of $900.00." November 4, 1915, the defendant wrote accepting the offer of October 23 and stating: "This order is placed with the understanding that if we order the entire service for the 1916 season in the month of January, you will cancel the original charge of $900, for the totals to October 1st." On January 31, 1916, the defendant wrote: "Will you please consider this letter our order for your Monthly service as arranged for in our letter of November 4, for the calendar year of 1916, at a cost to us of $200. per month. This will cancel the previous charges in this connection and authorize the continuance of the service, as previously arranged for." This was acknowledged by the plaintiff in a letter dated February 10, in which a "credit memorandum . . . for the $900." was enclosed. On August 1, 1916, the defendant refused to carry out the contract.

A verdict was returned for the plaintiff in the sum of $2,460. The presiding judge later ruled, as matter of law, that the plaintiff was not entitled to recover the item of $900, and directed that a verdict be entered for the plaintiff for the sum of $1,537.50; and reported the case for the determination of this court.

The plaintiff's declaration was in two counts, the first for damages for breach of the agreement and the second upon an account annexed, of which one of the items was the charge of $900 for furnishing registrations and totals to October 1, 1915. The answer was a general denial.

The contract of the parties was in writing. Its construction was for the court, *Smith* v. *Faulkner*, 12 Gray, 251, and there was no error of law in ruling that as matter of law the plaintiff was not entitled to recover the item of $900. The defendant stipulated that, if it agreed to take the entire service for the year 1916 in the month of January, the charge of $900 was to be cancelled. This was expressly stated in its letter of November 4, 1915. In January, 1916, the defendant gave the order for the service for that year, as shown in its letter of January 31, and in February this letter was acknowledged by the plaintiff and the credit memorandum for $900 enclosed. By giving the order for the year 1916, the $900 item was discharged, and the defendant's subsequent failure to carry out the agreement did not revive it. The contract itself, and not its performance, was accepted by the plaintiff in extinction of the claim for $900. See *Cutter* v. *Cochrane*, 116 Mass. 408; *Rogers* v. *Rogers & Brother*, 139 Mass. 440.

No question of pleadings is open on the record, and, whatever remedy the plaintiff may have for the breach of the agreement, he cannot now recover the item of $900 for the service to October 1, 1915. Their correspondence shows the contract of the parties, and that the disputed item was extinguished. The burden of proof was upon the plaintiff, and no question of accord and satisfaction arises.

*Verdict to stand.*