WALTER R. TORREY *vs.* ALICE FAULKNER ADAMS, executrix.

Suffolk. October 20, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Landlord and Tenant*, Construction of lease, Modification of lease, Termination of tenancy, Notice. *Contract*, Consideration. *Estoppel*.

A lease of an apartment provided that it should continue from year to year until one of the parties should on or before the first day of April in any year give to the other party written notice of his intention to terminate it on the first day of the following May, in which case the term would end in accordance with such notice. The lessee wrote to the lessor a letter which the latter received on April 1, 1921, and which read, "I want to tell you that I will give up the apartment when the lease expires. June 1st, 1921, as I shall break up housekeeping. I expect to return East early in May to see about things and trust this will be satisfactory to you." *Held*, that such letter was not sufficient to terminate the lease.

On April 12, 1920, while the lease above described still was in force, after the lessor had notified the lessee in substance that he was compelled to raise the rent $20 a month, the lessee paid the lessor additional rent for the month of May, both the lessor and the lessee signing as agreeing to and approving thereof a document reading as follows: "Received of . . . [the lessee] check . . . balance of May rent and lease . . . is ex-

tended on same terms as therein expressed excepting an agreed rental of seventy eight & 33-100 dollars per month." Thereafter the lessee occupied until in the month of May, 1921, paying the increased rental, and then died. The lessor brought an action against the executrix of his will for monthly rent at $78.33 to May 1, 1922. *Held,* that

(1) There was no consideration for the tenant's promise to pay the increase of rent;

(2) The plaintiff was not entitled to recover $78.33 for any month's rent declared on in the declaration;

(3) The fact, that the tenant paid the increased rent for several months, did not estop the defendant from making the defence that the agreement was without consideration and invalid.

CONTRACT, with a declaration in three counts. The plaintiff at the trial waived the third count and, by direction of the trial judge, the jury found for the defendant on the second count. The first count was upon an account annexed for $841.89, alleged to be due for rent under a lease in writing, extended and modified, at the rate of $78.33 per month from June 1, 1921, to May 1, 1922, with interest. Writ dated April 27, 1922.

In the Superior Court, the action was tried before *Flynn,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor on the first count. The motion was denied. The defendant then asked for the following rulings:

"2. Relative to the first count of declaration plaintiff is not entitled to recover under any of the rent items thereof the sum of $78.33 for any month therein mentioned."

"7. After May 1, 1921, defendant's testator was a tenant at will of the plaintiff and such tenancy at will was legally terminated on June 1, 1921.

"8. If the jury finds that the letter of March 25, 1921, from defendant's testator to plaintiff was received by plaintiff on April 1, 1921, such letter was a legally sufficient notice to terminate the term of the lease of November 23, 1910."

"10. Sufficient notice to terminate liability after May 31, 1921, for rent by defendant's testator to plaintiff was given by defendant's testator to plaintiff by letter of March 25, 1921, from defendant's testator to plaintiff."

"14. Any promise by defendant's testator to pay a greater

rental than that reserved by the lease declared upon, namely: $50 per month, is not binding upon the defendant's testator unless such promise is supported by a legal consideration moving from the plaintiff to the defendant's testator, and the burden of proving such a consideration is upon the plaintiff.

"15. Unless the lease declared on was cancelled by the parties at the time of increase of rental after April 1 in the year 1920, there was no consideration furnished by plaintiff to defendant's testator for any promise by defendant's testator to pay an increased rent."

The rulings were refused. There was a verdict for the plaintiff in the sum of $968.17. The defendant alleged exceptions.

The case was submitted on briefs.

*S. H. Hollis & R. T. Parke,* for the defendant.

*N. N. Jones & P. I. Lawton,* for the plaintiff.

SANDERSON, J. This is an action of contract to recover rent from June 1, 1921, to May 1, 1922, accruing under a lease of suite 2, No. 1283 Commonwealth Avenue, dated November 23, 1910, and an alleged extension thereof dated May 21, 1920.

The lessee named in the lease was the defendant's testator, Charles W. Newhall. The term of the lease was for five months, beginning December 1, 1910, and continuing thereafter from year to year until one of the parties should on or before the first day of April in any year give to the other party written notice of his intention to terminate it on the first day of the following May, in which case the term would end in accordance with such notice. The rent reserved was $50 per month in advance.

On April 12, 1920, the plaintiff notified the lessee, in substance, that he was compelled to raise the rent about $20 a month. On May 21, 1920, the lessee paid the plaintiff $28.33 and the parties signed an agreement in the following words: "Received of Mr. C. W. Newhall check of 28.33 balance of May rent and lease of suite 2, 1283 Commonwealth Ave. is extended on same terms as therein expressed excepting an agreed rental of seventy eight & 33-100 dollars ,per month. WALTER R. TORREY Approved and agreed to

C. W. Newhall." Rent at the rate of $78.33 per month was paid by the lessee from May 1, 1920, to June 1, 1921.

On April 1, 1921, the plaintiff received from the lessee a letter dated March 25, 1921, containing the following statement: "I suppose you have heard by this time that My Dear Wife has passed away the 15th of this month and I want to tell you that I will have to give up the apartment when the lease expires. June 1st, 1921, as I shall break up housekeeping. I expect to return East early in May to see about things and trust this will be satisfactory to you." The lessee moved his furniture from the building in May, 1921, and was not personally in it thereafter. He died June 28, 1921. There was evidence tending to prove that the plaintiff told the lessee in May or early June, 1921, that he would not accept the letter of March 25, as sufficient to terminate the lease; that the lessee had made a mistake about the time when the lease expired and that the lessee then said that he didn't have the lease with him and had made a mistake about the date; that the plaintiff then agreed that he would with the lessee's consent put the premises in good condition and let them if he could and give the lessee the benefit thereof; that the plaintiff thereafter repaired the apartment and tried to let it and that some of the keys were retained by the lessee until the date of his death. The judge ruled that the letter dated March 25, 1921, did not terminate the lease; that the agreement signed by the parties on May 21, was a valid modification of the contract and that the parties continued to be bound by the provisions of the lease as modified. Under the instructions, the jury must have found that there was no waiver of any infirmity in the notice and no surrender of the lease.

The questions presented for decision are (1) whether as matter of law the letter terminated the tenancy; and (2) whether there was legal consideration for the agreement to pay additional rent.

1. The letter of March 25, 1921, was not sufficient to terminate the lease. The notice required by the lease was not given. *Baker* v. *Adams*, 5 Cush. 99. *Carlisle* v. *Weiscopf*, 237 Mass. 183. Technical accuracy in the wording

of such a notice is not required, but it must be so certain that it cannot reasonably be misunderstood, and if a particular day is named therein for the termination of the tenancy that day must be the one corresponding to the conclusion of the tenancy, or the notice will be treated as a nullity. The notice would have been sufficient if in any form of words it had provided for the termination of the lease on May 1, 1921. Taylor, Land. & Ten. § 476. *Sanford* v. *Harvey*, 11 Cush. 93. Even in a case where the proper notice is given by a tenant, under a lease which provides that continued occupancy beyond the year would be a renewal, and the tenant with the assent of the lessor continues to occupy beyond the date set in the notice for the termination of the lease, the lease is thereby renewed or extended upon the same terms and conditions. *Hildreth* v. *Adams*, 229 Mass. 581. Although the notice stated that the lessee would have to give up the tenancy when the lease expired, the date fixed for terminating it and breaking up housekeeping was June 1. The lessee did not intend to return from California until early in May and during a part of the month of May he was moving furniture from the apartment. The lease provided for the continuation of the tenancy from year to year, unless the notice was given as therein provided. The ruling that this notice did not terminate the tenancy was right.

2. The cases in this Commonwealth where an agreement to modify a contract has been held to be supported by the original consideration have rested either on the ground that the first contract has been waived or rescinded and a new contract with modifying terms substituted for it, or on the ground that, one of the parties having refused to perform his part of an executory contract, the other party, instead of resorting to an action for damages, has made a new agreement to pay additional compensation for its performance. *Munroe* v. *Perkins*, 9 Pick. 298. *Holmes* v. *Doane*, 9 Cush. 135. *Peck* v. *Requa*, 13 Gray, 407. *Rollins* v. *Marsh*, 128 Mass. 116. *Byington* v. *Simpson*, 134 Mass. 145. *Rogers* v. *Rogers & Brother*, 139 Mass. 440. *Thomas* v. *Barnes*, 156 Mass. 581. *Tobin* v. *Kells*, 207 Mass. 304. The release of the party from the performance of his contract has been said

to be a sufficient consideration for a new promise. *Cutter* v. *Cochrane,* 116 Mass. 408. *Rollins* v. *Marsh, supra.* *King* v. *Faist,* 161 Mass. 449.

In a class distinct from these are the cases in which the modifying agreement has not rested solely on the original consideration, but in whole or in part upon a new and distinct consideration. *Goodrich* v. *Longley,* 4 Gray, 379, 383. *Hastings* v. *Lovejoy,* 140 Mass. 261. *Freedman* v. *Gordon,* 220 Mass. 324. In *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, 194, the court in an opinion by Knowlton, C.J., said "As a general proposition, it is settled in this Commonwealth that a promise to pay one for doing that which he was under a prior legal duty to do is not binding for want of a valid consideration. . . . It has often been said that the principle involved is the same that lies at the foundation of the doctrine that a promise to accept or pay a less sum in discharge of a debt for a greater amount is not binding. . . . A limitation of the general proposition has been established in Massachusetts, in cases where a plaintiff, having entered into a contract with the defendant to do certain work, refuses to proceed with it, and the defendant, in order to secure to himself the actual performance of the work in place of a right to collect damages from the plaintiff, promises to pay him an additional sum. This limitation is not intended to affect the rule that a contract cannot be binding without a consideration; but it rests upon the doctrine that, under these circumstances, there is a new consideration for the promise. . . . This limitation in the application of the general rule to such facts is not recognized in England, nor in most of the States in this country. . . . While it is well established in Massachusetts, the doctrine should not be extended beyond the cases to which it is applicable upon the recognized reasons that have been given for it."

In the case at bar there was no consideration for the tenant's promise to pay the increase of rent. The original contract was not waived or rescinded. It continued in force as a lease. *Carlisle* v. *Weiscopf, supra.* So far as the landlord was concerned, when the lease was signed and the tenant put in possession his contract was no longer executory.

There was no suggestion on his part that he would or could break the lease.   At the time the agreement to pay the increased rent was signed, the tenant was in possession under the lease until the first of the following May, and thereafter from year to year unless the lease were terminated by the required notice.   The landlord gave the tenant nothing except what he already had for the tenant's agreement to pay more rent.   There was neither a gain to the promisor nor a detriment to the promisee.   The paper signed by the parties stated that the lease was extended on the same terms as those expressed in the lease.   It could still be terminated at the end of the year as the lease provided.   The word "extended" gave the tenant no new right and placed on the landlord no new obligation.   The lease was not in law extended. The judge correctly ruled that there was no cancellation of the lease; but as there was no legal consideration for the agreement to pay an increased rent the defendant's request, that the plaintiff was not entitled to recover $78.33 for any month's rent declared on in the first count, should have been given.   The fact that the tenant paid the increased rent for several months does not estop the defendant from making the defence that the agreement was invalid.

*Exceptions sustained.*