BENJAMIN ZLOTNICK *vs.* EDWARD D. MCNAMARA.

Hampden.    May 4, 1938. — September 14, 1938.

Present: DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Contract*, Abrogation, Construction. *Accord and Satisfaction.*

An agreement in writing to sell a store and a bill of sale thereof were not abrogated by the mere making of an agreement between the parties that the buyer would release the seller from the transaction and the seller would do certain things which, later, he failed to do in part.

CONTRACT. Writ in the District Court of Springfield dated January 27, 1936.

In the declaration the plaintiff alleged a breach of the agreement and the bill of sale dated January 7, 1936, described in the opinion, and claimed damages in the sum of $2,500.

On removal to the Superior Court, the action was tried before *Donnelly*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*I. Fein & R. J. Powers*, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

Cox, J. The defendant, by written agreement dated January 7, 1936, agreed to sell his licensed liquor package store to the plaintiff for $1,500, with $200, in addition, to be paid for the stock and fixtures. A bill of sale, in the usual form, was executed by the defendant to the plaintiff, who thereupon paid the defendant $750. According to the testimony of both parties, after these instruments had been executed, the defendant wished to be released from his agreement. The jury could have found that the plaintiff told the defendant he would release him provided the defendant would return the initial payment of $750, would pay the attorney's fees which the plaintiff had incurred, and, in addition thereto, would sign a so called option, wherein the defendant would agree that, should he desire to sell his store within two years from the date of the signing of the option, he would not sell it to anyone other than the plaintiff. "This the defendant agreed to but failed to perform," although he did pay the plaintiff $300 and no more. He did not pay the attorney's fees and never signed the "option." The defendant admitted that he was not ready or willing to carry out the terms or conditions of the written agreement for the sale of the store, and that he would not "go through with the deal anyway at all."

At the close of the evidence, the trial judge directed the jury to return a verdict for the defendant, on the ground that an oral substitute agreement between the parties had replaced the written agreement of January 7, 1936.

It is settled that ordinarily a written contract, before breach, may be varied by a subsequent oral agreement made on sufficient consideration. Such a subsequent oral

agreement may enlarge the time of performance, or may vary any other term of the contract, or may discharge it altogether. This rule applies to both sealed instruments and simple contracts. *Hastings* v. *Lovejoy,* 140 Mass. 261, 264, 265, and cases cited. *King* v. *Faist,* 161 Mass. 449, 456, and cases cited. *Tuson* v. *Crosby,* 172 Mass. 478, 484. *Freedman* v. *Gordon,* 220 Mass. 324. "If the parties to an executory contract mutually release each other from its performance, and subsequently enter into the same contract in form, it is the new contract which subsists between the parties, and the old one is as effectually discharged, released and abrogated as if the new one had not been entered into." *Dean* v. *Skiff,* 128 Mass. 174, 187. The new contract may operate as a discharge of the original agreement although nothing is said about it by the parties, as in the case of *Rollins* v. *Marsh,* 128 Mass. 116 (see *First National Bank* v. *Watkins,* 154 Mass. 385), or it may appear that the parties expressly agreed upon the rescission or discharge of the original agreement, and then proceeded to enter into the new contract, as in the case of *Cutter* v. *Cochrane,* 116 Mass. 408. The release of one from the stipulations of the original agreement is the consideration for the release of the other; and the mutual releases are the considerations for the new contract and are sufficient to give it full legal effect. *Rollins* v. *Marsh,* 128 Mass. 116. Compare *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, 195. *Torrey* v. *Adams,* 254 Mass. 22, 26–27, and cases cited. If the new contract itself, and not its performance, is accepted, the original agreement is discharged, and the question of accord and satisfaction does not arise. *Tuttle* v. *Metz Co.* 229 Mass. 272.

It is said that, if an agreement for the discharge of a contract is made before a right of action has arisen, and the agreement contemplates not an immediate mutual surrender of rights but the performance of something other than the duty imposed by the original contract in satisfaction of that duty, and further contemplates that, until such performance, the original contract shall remain in force, the agreement is in the nature of an accord and satisfaction. 6 Williston, Contracts (Rev. ed.) § 1837.

In the case at bar, the defendant desired to be released from his original agreement with the plaintiff, and the latter told him that he would "release" him, provided the defendant did certain things.   Although the defendant agreed to do these things, he failed in this respect.   Compare *Emerson* v. *Atkinson*, 159 Mass. 356.   We do not think that, upon this record, it could be ruled as matter of law that the original agreement of January 7, 1936, was discharged; and, in saying this, we have in mind that one of the conditions of the release imposed by the plaintiff was that the defendant should sign an "option" on the package store, the sale of which was the subject matter of the original agreement.   Compare *Rollins* v. *Marsh*, 128 Mass. 116; *Dean* v. *Skiff*, 128 Mass. 174.   We think it could have been found that the defendant was to be discharged from his original contract if he did certain things, and not if he merely agreed to do them.   Compare *Tuttle* v. *Metz Co*. 229 Mass. 272.   If we consider the later transaction between the parties as in the nature of an accord and satisfaction (see 6 Williston, Contracts [Rev. ed.] § 1837), there has been no satisfaction, *Clifton* v. *Litchfield*, 106 Mass. 34, 40; *Prest* v. *Cole*, 183 Mass. 283, 285, and the payment of $300 by the defendant to the plaintiff does not change this. *Dedham Lumber Co*. v. *Hartung*, 278 Mass. 488, 491.   We do not think it could be ruled as matter of law that the new agreement, if considered as an accord, without performance, was intended by the parties to effect a discharge of the original agreement.   *Sherman* v. *Sidman*, 300 Mass. 102.   *Banionis* v. *Lake*, 289 Mass. 146.

*Exceptions sustained.*