*Southern District*

## ANTHONY FERRAGANO AND VIOLA ANN FERRAGANO
### v.
## ARTHUR H. LYONS

*Welch, J.* This is an action of contract to recover damages for an alleged breach of a written *guaranty* by the defendant that a dwelling sold by him to the plaintiffs would have *a dry basement for a year* from the date of the sale. The answer is a general denial.

On Sept. 10, 1951 the parties executed an agreement for the sale by the defendant and the purchase by the plaintiffs of a house and land in Stoughton for $9500. The plaintiffs intended to secure a "G.I." loan, the mortgage to run to a local bank. In addition to the usual provisions contained in an agreement for the purchase and sale of real estate there was this provision: "V.A. approval must be passed for sale price."

Before the sale was effected it developed that a sufficient mortgage to produce the purchase price of $9500 could not be obtained and no "G.I." mortgage at all could be secured unless the seller gave a written guaranty to the buyers, satisfactory to the Veterans Administration, as to heat and cellar dryness.

As a result, by mutual agreement, the parties modified their contract by reducing the price to $9200 and by the defendant giving the plaintiff a paper signed and stated as sealed by him, reading as follows:

Stoughton, Massachusetts

October 24, 1951

Relative to the sale of the house at 48 Simpson Street, Stoughton, in conformance with the requirements of the Veterans Administration, I hereby guarantee to Anthony Ferragano and Viola Ann Ferragano,

1. A dry basement for a period of one (1) year from the date of sale against any and all conditions normally encountered in this area, (-----2 as to heat.)

s/ Arthur H. Lyons

Signed and sealed in the

presence of

S/ Hildred H. Hallidon

This was acceptable to the Veterans Administration, the G.I. mortgage was secured and the sale was completed.

In March 1952 there was up to four inches of water in the cellar, and when a view was taken on March 27, 1953, the day of the trial, there were puddles of water over much of the cellar floor, there was a sump pump in a corner and a small stream of water was trickling down the lower step of the bulkhead stairs. There was testimony that after the pump had been put in operation and the water pumped out in 1952, the condition was substantially the same as when seen at the time of the view.

The trial judge found that there was a material breach of the "warranty" and awarded damages to the plaintiffs.

The defendant duly filed the following requests for rulings:

1) On the evidence as a matter of law the finding should be for the defendant.

2) If the Court finds as a matter of fact that the so-called guarantee relied upon by the plaintiffs was executed subsequent to the written agreement of sale, then the Court will rule as a matter of law that the guarantee was without consideration.

The judge denied the requests because they were not in accordance with the material facts found. The facts as the judge found them are set forth above.

The issue in the case is whether, after parties have entered into a written agreement for the purchase and sale of real estate, a subsequent agreement signed by the seller is binding upon him if by its terms he assumes an additional burden without receiving any additional benefits from the buyers.

This question is discussed in Restatement of the Law of Contracts, Section 76 in the following language: "Where the duty is owed to the promisor under a contract, the consideration for which is still executory a long line of cases holds that its performance will furnish sufficient consideration for a new promise. Thus in the leading case of *Munroe v. Perkins*, 9 Pick. 298, it was held that although the plaintiff had contracted with the defendant to erect a hotel for him for a fixed sum, the plaintiff could nevertheless recover on the defendant's later promise to pay him whatever the erection of the hotel might cost. On page 304, the court says: 'The parol promise, it is contended, was without consideration. This depends on the question whether the first contract was waived. The plaintiff having refused to perform that contract, as he might do, subjecting himself to such damages as the other parties might show they were entitled to recover, he afterwards went upon the faith of the new promise and finished the work. This was sufficient consideration. If Payne and Perkins were willing to accept his relinquishment of the old contract and proceed on a new agreement, the law, we think, would not prevent it.' In accord with this decision are: contract to carry plaintiff to California—promise

of extra compensation, *Holmes v. Doane*, 9 Cush. 135: contract to resign from office—promissory note in consideration of its performance. *Perk v. Reqna*, 13 Pick. 407; contract with guardian for support of ward—promise of additional compensation, *Rollins v. Marsh*, 128 Mass. 116; Contract to sell silver— promise to pay higher price, *Rogers v. Rogers Brothers*, 139 Mass. 440; contract to build refrigerator —warranty of quality, *Thomas v. Barnes*, 156 Mass. 581; lease—landlord's promise to make alterations, *Taylor v. Finnegan*, 189 Mass. 568; contract for manufacture of bottles—promise to use only union labor—*Earnshaw v. Whittemore*, 194 Mass. 187; see also *Hanson and Parker, Ltd., v. Wittenberg*, 205 Mass. 319. In more recent decisions, however, the doctrine of these cases has been limited, to precisely what extent is not clear. Thus in *Parrot v. Mexican Central Ry. Co.*, 207 Mass. 184, it was held that where the plaintiff had contracted in writing to publish a guide book on a stated basis, a promise to pay him additional compensation for it could not be enforced. On page 105 the Court says: 'While it (the doctrine of the cases above cited) is well established in Massachusetts, the doctrine should not be extended beyond the cases to which it is applicable upon the recognized reasons that have been given for it. A majority of the court are of opinion that it is not applicable to the evidence in this case . . . ' In accord with *Parrot v. Mexican Central Ry.*, 207 Mass. 184, are: Promise by lessee to pay extra rent, *Torrey v. Adams*, 254 Mass. 22; promise by land-lord to give tenant option of purchase in consideration of being permitted to exercise his privileges under lease: *Fienberg v. Adleman*, 260 Mass. 143.'

We think the case at bar is governed by *Munroe v. Perkins*, 9 Pick. 298, cited above. The defendant knew that he was trying to sell his property to a veteran and his wife who had to finance the sale by a "G.I." loan. It is a reasonable inference that he knew that the requirements of the Veterans Administration had to be met or he could not make the sale.

Because that Administration would not approve a loan of $9500 he reduced the price and also agreed to the guaranty. It is also a reasonable inference that he desired to complete the sale upon the terms required, rather than rely upon an action for damages against the veteran who had difficulty financing the sale. The judge was correct in finding that the parties had by mutual consent modified the contract and that the original consideration attaches to and supports the modified contract. *Thomas v. Barnes,* 156 Mass. 581.

There was no error in the court's refusal to allow request No. 2. He was not required to give request No. 1. It did not comply with District Court Rule 27.

*Report dismissed.*