No. 389360

## POCAHONTAS FUEL COMPANY, INC.
### v.
## JOSEPH L. CORRIGAN

(January 18 — March 28, 1957)

*Roberts, J.* This is an action in contract on an account annexed to recover $4,800, with interest, for fuel sold and delivered to the defendant between March 4 and March 30, 1954. The answer is a general denial, payment, and, by amendment, that the action had been settled and abated subsequent to its commencement.

*At the trial there was evidence of the following facts*: During March, 1954, the plaintiff delivered to the defendant a total of 50,135 gallons of fuel oil on eleven different days. Various payments were made by the defendant so that the balance due at the time the action was commenced on September 8, 1954, was $4,800.00. The case was marked for trial on March 29, 1955. Prior to that date, however, counsel for the plaintiff agreed to accept $1,200.00 on account, which was paid on April 5, 1955, with the understanding that the balance would be paid in full by September, 1955. The case was continued generally, but when that sum was not paid, it was re-marked for trial in November.

By letter dated November 7, 1955, counsel for the defendant informed plaintiff's counsel that the defendant was sending $800 on account and would send $80.00 per month thereafter. Plaintiff's counsel agreed to this arrangement, with a further understanding that the entire balance be paid by June 1, 1956. The case was continued generally again. On various occasions subsequent to that time, however, he demanded payment of the entire balance due, and was assured by defendant's counsel that upon the consummation of a mortgage loan, the approval of which was then pending, the entire balance would be paid. Without making any agreement to do so,

counsel for the plaintiff refrained for several months from marking the case for trial.

Starting in December, 1955 and down to and including September, 1956, the defendant paid $80 each month. The total of such payments was $2,800.00.

At the trial of the case on October 18, 1956, the defendant did not appear or give evidence, nor did the attorney who had represented him in these negotiations testify.

The defendant made the following requests for rulings on which the Court ruled as indicated:

1. Now comes the defendant in the above action and moves this Court to rule that the above action has been extinguished. *Denied.*

2. That if the Court finds that the parties entered into an agreement concerning the settlement of the above case and that the defendant has performed the contract, the Court must find for the defendant. *Denied. I do not find that there was any agreement for settlement of the case.*

The Court found for the plaintiff in the sum of $2,000.00. The defendant claiming to be aggrieved by the denial of his requests for rulings, the matter was reported here for determination.

■■ There was no error. The defendant contends that this cause of action was extinguished and that there was an accord and satisfaction by reason of the fact that the plaintiff agreed to accept the payment of the entire balance due in monthly installments, and the defendant agreed to pay the same. The defendant having answered a general denial and payment, he maintains that the claim was disputed and the surrender of his right to contest it was adequate consideration.

In support thereof, the defendant relies upon the cases of *Tuttle v. Tuttle*, 12 Met. 551, *Dunbar v. Dunbar*, 180 Mass. 170, and *Alden v. Thurber*, 149 Mass. 271. In each of these cases, the defendant con-

tested the validity of the plaintiff's unliquidated claim, and surrendered his right to dispute same in consideration of the plaintiff's agreeing to take something less than the full amount claimed. Under those circumstances, a compromise of the claim is sufficient consideration to bind both parties.

In the case at bar, however, the Court has not found that there was any agreement for settlement of the case. There was, in fact, no evidence that the plaintiff's counsel ever agreed to accept less than the entire balance due. On the contrary, in all the negotiations, counsel for the defendant consistently offered assurances that the full amount, as declared upon, would be paid.

Counsel for the plaintiff voluntarily refrained from pressing for a trial in the hope that the entire balance would be paid without the necessity thereof. When it was not paid in full by June 1, 1956, as had been previously agreed upon, he was wholly justified in marking it for trial.

Clearly, the evidence that the plaintiff accepted the agreement is not sufficient to show that it accepted it in full satisfaction of its claim. *McFaden v. Nordblom*, 307 Mass. 574, 576.

Finally, the burden was on the defendant to make out the defense of accord and satisfaction. It is the general rule that the question whether there is an accord and satisfaction is one of fact. *Champlin v. Jackson*, 313 Mass. 487, 489.

Even if there had been an agreement to accept the entire balance due in monthly installments, such would not constitute a legal defense. At the time when the alleged arrangement was made, the defendant did not question the fact that the plaintiff was entitled to receive the whole amount forthwith. The best that can be said for the defendant's position is that, on condition of receiving the full amount in installments, the plaintiff promised forebearance of marking it for trial. Such a promise cannot constitute

a good legal defense because it is voluntary and without legal consideration. *Walker v. Russell*, 17 Pick. 280.

*Report dismissed.*

Berkal & Berkal, for the Plaintiff.
Joseph G. Kelly, for the Defendant.