Fecteau, J.
This action arises out of the payment of a promissory note (“note”) given by the plaintiffs, Jonathan Todd and Deborah Todd ("Todd” or “mortgagor”) to the defendant, Paul Antonio (“Antonio” or “mortgagee”) in connection with the purchase of real estate located in Southboro, Massachusetts. The note, secured by a second mortgage on the property, required monthly interest payments for five years and a final balloon payment of the principal on the maturity date. The Todds failed to pay the principal on the maturity date and Antonio commenced foreclosure proceedings. A preliminary injunction was issued by this court restraining Antonio from proceeding on the foreclosure of the Todds property. The Todds have moved this court to declare their rights and responsibilities under the note.
The parties have submitted the matter on an agreed statement of facts. Upon consideration of the stipulated facts and the arguments of the parties, I make the following findings of fact and rulings of law.
FINDINGS OF FACT
On October 28, 1988, the Todds gave Antonio a promissory note for $38,750 in connection with their real estate purchase. The note required the Todds to make monthly interest payments of $238.63 and a balloon payment of the principal on October 28, 1993. The Todds generally complied with the interest payments, many payments being made late. However, the Todds failed to make the balloon payment when due. This resulted in the January 1995 filing of a complaint to foreclose the mortgage in the Land Court.
On March 7, 1995, the court entered judgment on the complaint and authorized Antonio to foreclose the mortgage. Prior to foreclosure, the parties negotiated a repayment schedule on March 30, 1995 that required the Todds to make an immediate payment of $20,000.00 to Antonio and to commence monthly payments of $310.00 to Antonio on June 15, 1995 for sixty-one months. While the Todds tendered Antonio the $20,000.00, they soon became delinquent in mak *511 ing the required monthly payments under the parties’ agreement. During the first year of the parties’ new payment plan, the Todds had only made ten payments out of fourteen that were due.
The Todds’ failure to comply with the monthly payment schedule led Antonio to file a new complaint to foreclose the mortgage in the Land Court. On March 26, 1997; the Land Court entered judgment on this second complaint for foreclosure. Thereafter, the Todds entered a second agreement with Antonio that required the Todds to make a $10,000.00 payment against the principal and $1,500.00 for costs and attorneys fees in order to halt the foreclosure of the property. The Todds tendered only $10,000.00; they failed to tender the costs of $1,500.00. The Todds claim that the $10,000.00 constituted a new payment plan and the defendant’s acceptance of the Todds’ check signified acceptance of the new payment plan; however, Antonio never agreed to the new payment plan and informed the Todds that they were in breach of the note because of their failure to pay the $1,500.00.
Antonio attempted to move forward on the foreclosure and the Todds secured a preliminary injunction from this court (Gants, J.). The Todds then tendered payment of $5,600.00 to Antonio. However, Antonio rejected this check because the check indicated it was full payment of the plaintiffs’ obligations under the note contrary to Antonio’s assertion that the Todds were still liable for costs, interest on the note, and attorneys fees. On August 10, 1998, further hearings were conducted by this court and the Todds were ordered to pay $5,450.00 into the Court and the preliminary injunction was continued indefinitely, pending resolution of this matter. (Fecteau, J.)
RULINGS OF LAW
The parties are in disagreement as to the nature of the plaintiffs’ obligations under the original note and the effect, if any, of one or more “accords” into which the parties entered. The plaintiffs argue that they entered into a third agreement on May 12, 1997 with the defendant and the satisfaction of this agreement discharges any liability from the original note. The defendant asserts that the parties only entered two agreements, on March 30, 1995 and April 8, 1997, both of which the plaintiffs breached. Here, the material facts are not in dispute and are the subject of a stipulation. The question of the parties’ intent when they entered the agreements is “to be determined by the usual process of interpretation, implication, and construction.” The Comm. Bldrs. v. Indian Motorcycle Assoc., 44 Mass.App.Ct. 537, 548 (1998) quoting 6 Corbin, Contracts, §1293, at 190-91 (1962). The question in this case then is one of law for the court. See Tuttle v. Metz Co., 229 Mass. 272, 275 (1918); Lipso v. Adelson, 17 Mass.App.Ct. 90, 92 (1983).
The parties agree that they entered into an executory accord on March 30, 1995 for the payment of the principal. “An accord is a contract under which an obligee promises to accept a substituted performance in future satisfaction of the obligor’s duty.” Restatement (Second) of Contracts §281 cmt. a (1981).[2] If the mortgagor fails to comply with the accord, the mortgagee has the option of enforcing the original duty. See id. at cmt. e. See also Lipson, 17 Mass.App.Ct. at 92. Here, the parties entered into an accord which suspended the Todds’ obligations under the note, however, when the Todds failed to make the timely payments of $310.00 they were in breach of the accord. This breach enabled Antonio to seek damages against the Todds under the original note.
Antonio did not seek such damages. Instead, the parties entered into a second accord on April 8, 1997. This accord provided that the Todds would pay Antonio $10,000.00 in principal against the note and $1,500.00 for costs and attorneys fees. The Todds breached this second accord by their failure to pay the costs stated. The Todds attempted to enter a third accord with Antonio on May 12, 1997. In their letter to Antonio, the Todds tendered payment of $10,000.00 and outlined a future payment schedule which Antonio did not accept. In order for the letter to constitute an accord, the mortgagee must promise to accept a stated performance in satisfaction of the mortgagor’s existing duty. See Restatement (Second) of Contracts §281 (1981). Here, Antonio did not consent to this new accord and informed the Todds that they were in breach of the second accord.
Here, the plaintiffs claim the May 12, 1997 letter and $10,000.00 payment to Antonio constituted an accord and satisfaction. The Todds assert that Antonio’s acceptance of this payment holds him to the new payment schedule the Todds created and outlined in their letter to the defendant. Conversely, Antonio asserts that the parties entered into two accords and the plaintiffs’ breach of both accords does not discharge the Todds’ obligations under the original note. Antonio also asserts that the May 12, 1997 letter does not constitute a new accord because Antonio never agreed to this payment schedule and informed the Todds concerning their breach of the accord and obligations under the note.
Since the plaintiffs did not designate the $10,000.00 payment solely as principal, nor was the payment of which conditioned upon acceptance by the defendant and its payment plan proposed in the letter of May 12, 1997, the mortgagee was entitled to apply it to either principal or costs as he chose. His acceptance of the $10,000.00 payment does not amount to a new accord, nor does it waive his rights to enforce the original note. Accordingly, the Todds remain liable on the note, as well as for the costs of collection, including reasonable attorneys fees. However, as the record is uncertain as to the amount and type of damages due and owing, this court is presently unable *512 to declare any damages due and owing without further proceedings.
ORDER
For the foregoing reasons, it is hereby ORDERED that a judgment enter that declares that the plaintiffs are in default of the October 28, 1988 Second mortgage Loan Note. Furthermore, the preliminary injunction, enjoining the foreclosure sale of the plaintiffs’ property, is hereby vacated.

The Restatement (Second) of Contracts defines an accord and satisfaction as:
(1) An accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligor’s existing duty. Performance of the accord discharges the original duty.
(2) Until performance of the accord, the original duty is suspended unless there is such a breach of the accord by the obligor as discharges the new duty of the obligee to accept the performance in satisfaction. If there is such a breach, the obligee may enforce either the original duty or any duty under the accord.
(3) Breach of the accord by the obligee does not discharge the original duty, but the obligor may maintain a suit for specific performance of the accord, in addition to any claim for damages for partial breach. Restatement (Second) of Contracts §281 cmt. a (1981). Restatement (Second) of Contracts §281 (1981).