Coven, J.
Yellow Book Sales and Distribution Company, Inc. commenced this breach of contract action to recover a principal balance of $22,207.46 owed by the defendants for unpaid advertising services under two contracts.[3] In their answer, the defendants denied the existence of a debt. They also counterclaimed for a violation of G.L.c. 93A Summary judgment was allowed in favor of the plaintiff on its contract claim, but as to liability only, and in favor of the plaintiff on the defendants’ counterclaim. An assessment of damages hearing was held, and judgment, together with interest, costs, and attorney’s fees, was entered for the plaintiff in the amount of $30,529.39.
On appeal, the defendants assert that summary judgment was entered in error because genuine issues of material fact remain as to whether defendant Shimshon Erenfeld (“Erenfeld”) cancelled the second of the two contracts, and whether the plaintiff’s account representative committed a knowing and wilful unfair or deceptive act by not cancelling the second contract when Erenfeld expressed his desire to do so.[4] The defendants also assert that the plaintiff misapplied fees paid by the defendants for the second contract.[5] We affirm.
The standard for summary judgment is well settled. Summary judgment will be granted when there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P., Rule 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
*90 The second contract between the parties is dated May 2,2008. It covered the 2009 publication year. By the express terms of that contract, the defendants were provided seven days from the date the contract was executed to cancel. Sometime in September, 2008, the defendants contacted the plaintiff’s sales representative and informed that person of the need to review and change or cancel the defendants’ upcoming advertisement. But there was no evidence before the motion judge either that the defendants’ contacts were anything other than equivocal as to what, if any, choice was being made, or that the plaintiff’s sales representative entered into an oral agreement to have the contract cancelled or changed.[6]
Thus, it was undisputed that the defendants failed to request cancellation within the prescribed time period and that the plaintiff never, itself or through its representative, agreed to amend the written terms or cancel the contract after the cancellation period. Summary judgment was properly entered for the plaintiff.
As to the G.L.c. 93A cause of action, the defendants in their counterclaim assert that they contacted the plaintiff in late 2008 and informed it that “due to the current financial situation,” they “needled] to review, change, or cancel its advertising expenses”; that “by its sales representative,” the plaintiff “agreed to do so”; and that the plaintiff’s failure to do so allegedly caused them harm. We simply note that the summary judgment record was insufficient to raise the issue that the parties ever agreed to change or cancel their contract. Accordingly, there was no violation of G.L.c. 93A.[7]
Judgment affirmed.
So ordered.

 The contract terms established the obligation of both the business and the personal obligation of the individual defendant, Shimshon Erenfeld, for the services provided.

 As explained below, the argument differs from how the G.L.c. 93A claim was pleaded.

 We decline to address this ground for appeal. Summary judgment was allowed as to liability only. An assessment hearing occurred after summary judgment was allowed. We have been provided no evidence as to what was presented or argued at that hearing. Therefore, we are unable to review this alleged error. The issue is waived.

 A contract may be orally modified or cancelled. Zlotnick v. McNamara, 301 Mass. 224, 225-226 (1938). Conduct and actions of the parties may provide evidence of a change in their contractual arrangement. First Pa. Mtge. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 625 (1985). In this case, there is no evidence of any contract change or cancellation, and no evidence of any consideration for a change or cancellation.

 There was evidence that the plaintiff’s sales representative may have led the defendants to believe that discussions would take place, and that the defendants continued to believe in that possibility into January, 2009. However, a cause of action under this theory was not set forth in the counterclaim. Further, assuming that the plaintiff knew of the defendant’s breach of contract in September, 2008, there is no evidence that would support a finding that the plaintiff could have mitigated any future loss as of that time and did not do so in order, unfairly or deceptively, to collect full contract damages. Stated differently, there is no evidence that the plaintiff could have declared, “Stop the presses!” and mitigated its damages, thereby stopping the defendants from receiving the full value of their contract through the publication of the advertising.